STATE v. THOMAS MERRICK.

(Filed 18 October, 1916.)

**1. Court's Discretion—Evidence—Motion to Strike Out.**

A motion to strike out testimony given on the trial without objection, is in the discretion of the trial judge, and not reviewable on appeal.

**2. Court's Discretion—Witnesses—Infant's Testimony.**

Objection to the competency of evidence because of infancy and incapacity of the witness should be by motion made to the trial judge to pass upon it, and its sufficiency will be assumed on appeal, nothing else appearing, if this has not been done.

**3. Court's Discretion—Verdict—Motion to Set Aside.**

A motion to set aside a verdict rests in the discretion of the trial judge, and is not appealable.

**4. Instruction—Contentions—Motions—Appeal and Error.**

Objection to the statement of the contentions of a party by the trial judge should be made to him, or it will be deemed waived.

**5. Homicide—Murder—Instructions—Passion—Malice.**

A charge on this trial for murder, as to whether the defendant was actuated and committed the act in the heat of passion, *i. e.,* in anger under circumstances to dethrone his reason, or whether in calm deliberation with malice aforethought, etc., is held full and explicit.

**6. Same—Evidence—Trials—Questions for Jury—"Cooling Time."**

Exception to the charge in this case of murder, as to whether the anger or heat of passion of the prisoner was assumed as a pretext to vent his malice or to satisfy his spleen, being based upon competent testimony,

and left to the jury, as sensible men, to determine, for what it was worth, with its weight and cogency depending upon the length of "cooling time," is held to be without merit.

**7. Appeal and Error—Reversible Error—Murder—Homicide—Ill-will—Declarations.**

Evidence, though erroneously admitted on the trial, but probably not affecting the verdict, will not be considered as reversible error; and where the defendant has been convicted of murder in the first degree, his declarations, made from six to twelve months previous thereto, that he disliked the deceased and that he was a mean man, are competent to show the defendant's animus, the weight of which is for the determination of the jury.

APPEAL by prisoner from *Stacy, J.,* at May Term, 1916, of NEW HANOVER.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Burke H. Bridgers and William J. Bellamy for defendant.*

CLARK, C. J. The prisoner was convicted of murder in the first degree, and on appeal, *S. v. Merrick,* 171 N. C., 788, a new trial was granted, two judges dissenting. A second trial was had in accordance with the opinion of this Court, and the prisoner has been again convicted of murder in the first degree.

It was not denied that the deceased was shot and killed by the prisoner at about 4 p. m., 31 August, 1915, at a bottling plant in Wilmington. The circumstances are detailed and reviewed in the opinion and the dissenting opinion on the former appeal, and need not be repeated.

It was in evidence that the prisoner and the deceased had a dispute about a wagon rein, had some words, and the prisoner refusing to leave when ordered, the deceased caught him by the neck and pushed him towards the front door. When he did so the prisoner's cap fell on the floor near the door and he turned and went to the back of the building. The deceased then went to work unloading his wagon at the front. The prisoner in the meanwhile came back in about three minutes, picked up his cap, and again went off to the back part of the building. There is evidence that he said: "I will get you yet." In another "about three minutes" the prisoner came back a second time, with his gun, opened the breach and put in a cartridge, and as the deceased was setting down a case the prisoner threw his gun to his shoulder, cursing the deceased, fired, and the deceased fell. The prisoner then threw down his gun and ran out the back way.

The evidence is that the deceased said nothing when the prisoner came back with his gun and had nothing in his hand. The prisoner was not working in the plant that day and had no business there, and

the deceased had been authorized to keep those not employed out of the plant. The deceased did not advance towards the prisoner at the time he fired, and said nothing to him.

The facts are so simple and the case has already been so thoroughly discussed in the former opinion that it is not necessary to elaborate the exceptions, of which only one, indeed, requires any discussion. One James Holmes testified that he worked at the plant and saw the prisoner and the deceased there. He also said: "I heard Thomas (the prisoner) say that he didn't like Mr. Hudson; that he was a mean man. This was while Mr. Hudson worked there. I don't know how long this was before Mr. Hudson was killed. I was working there the day he got killed, but I got off soon that day." He further testified that he did not know "just when he said this. It might have been a year or six months before." The witness stated that he was 16 years of age and that on the former trial, the year before, he had testified that he was 12.

The prisoner made no objection or exception to the above testimony, but at the conclusion of this witness's testimony prisoner's counsel moved to strike out the testimony of James Holmes "by reason of the fact that it was vague, indefinite, immaterial, insufficient, and uncertain as to time." The motion was properly denied. An objection to testimony not taken in apt time is waived. *S. v. Downs*, 118 N. C., 1243; *S. v. Braddy*, 104 N. C., 737.

When testimony has thus been admitted without objection, the granting or denying a motion to strike out rests in the discretion of the court. *S. v. Lowry*, 170 N. C., 730; *S. v. Lane*, 166 N. C., 333; *S. v. Efler*, 85 N. C., 585. The prisoner's counsel further contends in his brief that the witness was incompetent by reason of infancy and incapacity. But that was a matter which should have been raised before the court by a motion that the trial judge should pass upon the competency of the witness to testify, and his decision would not be reviewable. Not having done this, it must be assumed that the judge was satisfied of the maturity and mental competency of the witness. *S. v. Tate*, 169 N. C., 373; *S. v. Stewart*, 156 N. C., 636; *S. v. Edwards*, 79 N. C., 648; *S. v. Manuel*, 64 N. C., 601; *S. v. Perry*, 44 N. C., 330.

The second assignment of error is to the refusal of the court of a motion to set aside the verdict, but this rested in the discretion of the trial court. *S. v. Johnson*, 161 N. C., 264; *S. v. Millican*, 158 N. C., 617. The third assignment of error has been waived and the fourth is to an alleged error in summing up the statement of the State's contentions. The counsel not having made this objection at the time, so the judge could pass upon it, it is waived. *S. v. Cameron*, 166 N. C., 384; *S. v. Blackwell*, 162 N. C., 672; *Jeffress v. R. R.*, 158 N. C., 215.

STATE v. MERRICK.

The fifth assignment of error is to a statement of the State's contention (which cannot be reviewed), except the last part, which is to the charge: "If you find that the defendant was actuated, and actually committed the act, in the heat of passion; that is, in anger under such circumstances as if his reason had been dethroned." This is substantially a quotation from what is said in *S. v. Hlll*, 20 N. C., 491; besides, the phrase above objected to is immediately followed by: *"Or that he did not think calmly and deliberately and premeditatedly with malice aforethought, then that would reduce his crime from the highest degree."* The charge was full and explicit, especially as to cooling time, and is not excepted to otherwise than as stated.

The sixth assignment of error is to that part of the charge to the jury as follows: "Now, gentlemen, make this distinction: If you should find that the defendant did not act in anger or heat of passion, but that he was using the occasion as a pretext to vent malice, or to satisfy any spleen that he theretofore had against the deceased, if you should find that he had any from this evidence, then he would not be acting upon the spur of the moment or in anger or in heat of passion." The prisoner's brief avers this exception depends upon the exception to Holmes' testimony, as to which the court had already charged: "That evidence, gentlemen, goes to you for what it is worth. You are sensible men and its weight and cogency would depend, and ought to depend, upon the length of time that intervenes between the time it was spoken and the time of the homicide."

As to the evidence excepted to, that at some previous time within 6 or 12 months the prisoner had stated his dislike of the deceased and called him a mean man, the courts do not grant new trials unless the evidence admitted is not only erroneous, but probably contributed to the verdict. This is hardly conceivable upon the facts of this case and the circumstances surrounding the killing as above stated. While it was not necessary in this case to show more than the actual facts surrounding the homicide, still it could not be error to introduce testimony showing that on some previous occasion the prisoner had expressed an unfavorable opinion of the deceased. It may have been unnecessary, but it was not reversible error.

In *S. v. Norton*, 82 N. C., 629, it is held that in an assault and battery evidence of previous declarations of the defendant tending to show malice is incompetent, but "If the defendant had been indicted for murder, for an assault with intent to kill, for a conspiracy or forgery, or any other offense where the *scienter* or the *quo animo* constitutes a necessary part of the crime charged, such acts and declarations of the prisoner as tend to prove such knowledge or intent are admissible, notwithstanding they may in law constitute a distinct crime." The decla-

rations here made, especially in view of the immediate facts surrounding the homicide, probably had exceedingly small if any weight with the jury. But the fact that it may have been made 6 or even 12 months previously did not make such evidence incompetent as a matter of law. As the judge told the jury, the lapse of time was a matter for them to consider as to the weight to be given the evidence.

In *S. v. Exum*, 138 N. C., 605, declarations showing ill-will made several months previously were held by *Hoke, J.*, "undoubtedly competent." To same purport, *S. v. Rose*, 129 N. C., 575, and other cases. Indeed, if previous threats are competent, the prisoner cannot complain of the competency of evidence less effective to show animus.

No error.