STATE v. JOHN WALTON.

(Filed 15 November, 1916.)

1. Criminal Law—Fornication and Adultery—Declarations of Woman—Evidence—Trials.

Upon trial under an indictment for fornication and adultery, a statement made by the female defendant to the officer filling in a birth certificate of a two or three months old child, that the male defendant was its father, made within easy hearing distance within the room with him, which he did not deny, but left the room, is competent evidence against him; and if doubtful that he heard such statement, it is a question for the jury under instruction that they do not consider it unless satisfied that the male defendant heard it.

2. Appeal and Error—Instructions—Presumptions.

Where there is no exception to the charge of the court, and the charge is not sent up in the record, it will be presumed on appeal that they were correctly instructed.

CRIMINAL ACTION tried before *Cline, J.,* at February Term, 1916, of DAVIDSON.

The defendant Walton and a female defendant were indicted for fornication and adultery, and from a judgment rendered on a verdict of guilty, Walton appealed. He was sentenced to jail for six months.

It appears that the woman, Mrs. Harris, with whom the defendant is charged with having maintained illegal relations, lives about a mile and a half from the Amazon Mill, and that the defendant was night watchman at that mill. He visited her home almost daily, during the day and at night, and was frequently seen cutting and preparing wood.

On one occasion a policeman went to her house to get her to fill in a certificate of the birth of her child, then two or three months old; that he and another officer sat by the fire, and that the defendant stood by the mantel-board some 4 or 5 feet away. As Mrs. Harris could not read or write, the officer read the questions to her and wrote down her answers. The witness does not know whether the defendant heard

STATE *v.* WALTON.

what Mrs. Harris said or not. When, in answer to the question as to the name of the father, she said that the child's father's name was John Walton, he then went out through the dining-room and left. He said nothing.

The defendant excepted to the admission of the statement of the *feme* defendant that he was the father of her child.

The defendant also moved for judgment of nonsuit, which was denied, and he excepted.

Attorney-General *Bickett* and Assistant Attorney-General *Calvert* for the State.

L. B. *Williams* for defendant.

ALLEN, J. If the declaration of the female defendant, that the male defendant was the father of her child, was made in the presence of the defendant and was heard by him, it was clearly competent, "for a declaration in the presence of a party to a cause becomes evidence, as showing that the party, on hearing such a statement, did not deny its truth; for if he is silent when he ought to have denied, there is a presumption of his acquiescence. And where a statement is made, either to a man or within his hearing, that he was concerned in the commission of a crime, to which he makes no reply, the natural inference is that the imputation is well founded, or he would have repelled it." *S. v. Suggs,* 89 N. C., 530.

The rule and its limitations are fully discussed and the dangers attendent upon the admission of evidence of this character are pointed out by *Hoke, J.,* in *S. v. Jackson,* 150 N. C., 832.

Evidence of practically the same probative effect was admitted in *Toole v. Toole,* 112 N. C., 155.

The witness Reed testified that the defendant was present when the declaration was made, and there is evidence that he heard it. as he was within 4 or 5 feet, and he said nothing and left as soon as he was charged with being the father of the child.

If, however, it was in doubt as to whether he heard the statement, it was proper to receive the evidence and instruct the jury not to consider it unless satisfied that the defendant heard it, and we must assume that the jury was instructed correctly, as there is no exception to the charge, and it is not sent as a part of the record.

The evidence is ample to support the verdict, and there was no error in refusing the motion for judgment of nonsuit.

No error.