## STATE v. ED. PITTS.

### (Filed 9 April, 1919.)

**1. Intoxicating Liquors—Evidence—Denial—Admissions—Instructions.**

Testimony of a witness that the defendant remained silent when charged with selling spirituous liquor by those in whose possession it had been found, under circumstances affording him an opportunity for denial, free from restraint, is *prima facie* competent evidence upon his trial for violating the prohibition law of the State, though it should be cautiously received, with instructions to the jury as to its essential elements.

**2. Appeal and Error—Prejudice—Harmless Error—Objections and Exceptions—Court's Discretion.**

The erroneous admission of evidence not prejudicial to the appellant is not reversible error; and where objection is made too late it is discretionary with the trial judge as to whether he will strike it out, and his action thereon is not reviewable on appeal.

ACTION tried before *Lane, J.*, and a jury, at the December Term, 1918, of FORSYTH.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*W. T. Wilson for defendant.*

PER CURIAM. The indictment, with four counts, was for selling liquor; for keeping liquor in defendant's possession for sale; for receiving more than one quart of liquor within a period of fifteen days, and for shipping or transporting from places within and places without this State to persons in this State, in one package and at one time, more than one quart of spirituous and vinous liquor and intoxicating bitters, and more than five gallons of malt liquors, it being transported and delivered in one package, which was contained in more than one receptacle. The defendant was convicted, and from the judgment upon the verdict, having excepted, he appealed.

There was evidence, fully sufficient and very convincing, to support the verdict of guilty, and there is no ground of complaint on that score.

It was competent to show by the witness George W. Flynt that Sam Johnson and a negro, who were in a buggy driving away from defendant's shop, stated to him, in the presence and hearing of the defendant, that they had just bought from the defendant the liquor, which they then had in their possession, and that the defendant said nothing when this accusation of selling liquor was made against him, but remained silent and mute. Sam Johnson had two pints, for which he gave two dollars a pint, and the negro one pint, for which he gave two dollars, and this was stated in the hearing of the defendant, and he again made no reply to the charge, but stood mute. Objection was taken to this evidence, but it was undoubtedly competent, as an innocent man similarly situated would naturally speak in denial, the charge of his guilt being direct and explicit, and calling for a denial if he was innocent. He also had full and fair opportunity to answer the accusation. The case is, therefore, well within the rule as stated in *S. v. Jackson,* 150 N. C., 831. It was said in *S. v. Sugg,* 89 N. C., 530 (approved and cited in *S. v. Walton,* 172 N. C., 931) : "A declaration in the presence of a party to a cause becomes evidence after showing that the party, on hearing such a statement, did not deny its truth ; for if he is silent when he ought to have denied, there is a presumption of his acquiescence. And where a statement is made, either to a man or within his hearing, that he was concerned in the commission of a crime, to which he makes no reply, the natural inference is that the imputation is well founded, or he would have repelled it." This kind of evidence is admitted under the maxim that he who is silent when he is called upon to speak, in the protection of his interests, and has the opportunity of doing so, is to be taken as consenting to what is said by another in his presence and hearing. 2 Taylor on Evidence (Am. notes by Chamberlayne), p. 527 ; *S. v. Jackson, supra; S. v. Walton, supra.* Such evidence should be received cautiously, and while the judge may have held it to be *prima facie* admissible on the facts as they appeared to him, the jury should be carefully instructed in regard to it, and directed to disregard it, if they ultimately find that any of the essential elements, which are required to make it competent and which should be explained to the jury, are missing. *S. v. Walton, supra; S. v. Booker,* 68 W. Va., 8. Defendant's conduct should be free and voluntary, and not influenced by duress or promises held out to him, as in the case of other confessions or admissions.

The remaining exceptions are without any merit. Most of the questions to which objection was taken were answered favorably to the defendant, or at least in a way that did not prejudice him, and the others, if not competent, were harmless. The evidence of Mrs. Ed. Pitts, to which the defendant objected, was competent, when it is con-

sidered in connection with the other parts of her testimony, and at least so upon the charge of keeping liquor for sale. Besides, one of the three objections came too late, and it was discretionary with the judge whether he would strike out the testimony. The answers to the other objections were harmless, if not favorable to defendants. The last question was not answered. *In re Smith's Will,* 163 N. C., 464; *Schas v. Ins. Co.,* 170 N. C., at p. 421. None of these rulings was prejudicial, and therefore they cannot be assigned as error. *S. v. Shoemaker,* 101 N. C., 690; *S. v. Eller,* 104 N. C., 853; *S. v. Anderson,* 92 N. C., 732; *S. v. DeGraff,* 113 N. C., 688.

We cannot find in the record any cause to reverse the judgment and grant a new trial.

No error.