STATE OF NORTH CAROLINA v. EDWARD GREEN
No. 68SC146

(Filed 14 August 1968)

**Burglary and Unlawful Breakings § 6—    felonious breaking or entering — instructions**

In a prosecution upon an indictment charging defendant with felonious breaking and entering a store building with intent to steal merchandise therefrom, it is error for the court to fail to instruct the jury that for the defendant to be found guilty of the felony of breaking and entering, the jury must find that the breaking or entering was done "with intent to commit a felony or other infamous crime."

APPEAL by defendant from *Parker, Joseph W., J.,* February 1968 Criminal Session of WILSON Superior Court.

Defendant was indicted for felonious breaking and entering a store building with intent to steal merchandise therefrom and for larceny. He pleaded not guilty to both charges contained in the bill of indictment. The jury returned a single verdict of guilty. The court thereupon entered judgment sentencing defendant to prison for not less than eight nor more than ten years on the count of felonious breaking and entering, and for a similar term on the count of larceny, the sentence imposed for larceny to begin at the expiration of the sentence imposed for breaking and entering. From this judgment, defendant appeals.

*T. W. Bruton, Attorney General, Christine Y. Denson, Staff Attorney, for the State.*

*Gardner, Connor & Lee, by Turner B. Bunn, III, for defendant appellant.*

STATE *v.* GREEN

PARKER, J.

In connection with the charge of felonious breaking and entering, the court instructed the jury as follows:

> "Now, gentlemen of the jury, the Court instructs you in regard to breaking and entering that the least force necessary to effectuate an entrance into a store or building is sufficient to constitute a breaking. And if a person follows through that entrance into a building, then such act would constitute breaking and entering."

[1] At no point in the court's charge was the jury instructed that for the defendant to be found guilty of the *felony* of breaking and entering, the jury must find that the breaking or entering had been done "with intent to commit a felony or other infamous crime."

> "G.S. 14-54, as amended, defines a felony and defines a misdemeanor. The unlawful breaking or entering of a building described in this statute is an essential element of both offenses. The distinction rests solely on whether the unlawful breaking or entering is done 'with intent to commit a felony or other infamous crime therein.'" *State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27.

In the case presently before us, the defendant was being tried on a bill of indictment charging him with the felony defined in G.S. 14-54. For conviction of this offense the State must satisfy the jury from the evidence beyond a reasonable doubt that a building described in the statute was broken into or entered "with intent to commit a felony or other infamous crime therein." Felonious intent is an essential element of the crime for which defendant was being tried, and failure of the court to so instruct the jury was prejudicial error. *State v. Friddle,* 223 N.C. 258, 25 S.E. 2d 751.

We have not passed upon defendant's other assignments of error, since in any event there must be a new trial and the same questions will probably not reoccur. We note that the jury rendered but a single verdict, so that defendant will necessarily be entitled to a new trial on both offenses with which he has been charged.

New trial.

MALLARD, C.J., and BROCK, J., concur.