STATE OF NORTH CAROLINA v. JAMES PHILLIP McCLAIN

No. 6910SC169

(Filed 2 April 1969)

**1. Criminal Law § 66— identity of defendant — sufficiency of evidence**

Where there is a reasonable possibility of observation sufficient to permit subsequent identification, the credibility of the witness' identification of the defendant is for the jury, and the court's doubt upon the matter will not justify granting a motion for judgment of nonsuit.

**2. Criminal Law § 66— identity of defendant — sufficiency of evidence**

Evidence of defendant's identity as the perpetrator of the offense charged is properly submitted to the jury, where the State's witness testified (1) that he had seen defendant approximately 200 times in his life-

time and was familiar with his face and (2) that when he turned on his automobile headlights near the scene of the crime, and first saw defendant, the defendant was approximately 75 to 100 feet away.

**3. Criminal Law § 60— fingerprint evidence — testimony of nonexpert — admissibility**

Defendant was not prejudiced by testimony of police officer, who had not been qualified as a fingerprint expert, that in his opinion latent fingerprints could not have been lifted from a roof because of dew and dust, since (1) similar testimony was elicited by the State in regard to footprints without objection by defendant and (2) the officer, prior to the questioning, had described the roof as being constructed of tar paper and wet with dew.

**4. Criminal Law § 169— harmless error in admission of evdience**

The admission of evidence which is not prejudicial to a defendant does not entitle him to a new trial.

**5. Criminal Law § 169— admission of technically incompetent evidence — absence of prejudice**

Where there is abundant evidence to support the main contentions of the State, the admission of evidence, even though technically incompetent, will not be held prejudicial when defendant does not affirmatively make it appear that he was prejudiced thereby or that the admission of the evidence could have affected the result.

**6. Criminal Law § 162— waiver of objection**

An objection to testimony not taken in apt time is waived.

**7. Criminal Law § 155— time of docketing — dismissal of appeal**

Where appeal was docketed in the Court of Appeals considerably beyond the 90-day period provided by the rules, and no extension of time was requested, the appeal will be dismissed. Rule of Practice in the Court of Appeals No. 5.

APPEAL by defendant from *Bickett, J.,* 18 September 1968 Criminal Session, Superior Court of WAKE.

Defendant was charged in the bill of indictment with breaking and entering, larceny, and receiving stolen goods knowing them to have been stolen. At the trial the defendant entered a plea of not guilty.

The evidence tends to show that on 7 July 1968 at approximately 12:55 a.m., Jessie Barbour, employed by the Capital City Guard and Patrol, pulled into the Harmon-Rowland used car lot in order to check the same. When he turned into the lot his headlights were turned off. When he turned them on, he spotted the defendant climbing over a fence with two small portable televisions swung over his shoulder. The televisions were held together by a piece of electrical wire. When the defendant was first seen by Barbour, he appeared to

be startled. He remained on the fence with the lights of Barbour's car shining on him for approximately three or four seconds. He then retreated, set the televisions down, turned, and ran. Barbour shouted to the defendant to halt and shot his pistol into the air, but the defendant continued to run. Barbour then ran to the corner of the building and saw the defendant coming up Blount Street. Barbour then waited at the corner of the building, with the defendant running toward him, until the defendant was nearby, and jumped out with his pistol and apprehended the defendant. Approximately five to seven minutes later the Raleigh Police Department arrived and took control of the defendant. The two televisions which the defendant was carrying were recovered. Two more were recovered in a parking lot near the point where Barbour first saw the defendant. Barbour testified that he had seen the defendant approximately 200 times in his lifetime and that he was familiar with his face but did not know his name.

After the defendant was taken into custody, it was discovered that a skylight on the H & H Tire Company had been opened. At approximately 8:00 a.m. on 7 July 1968, Ed Meadows, the owner of H & H Tire Company, was called by the police and requested to go to the Tire Company and see if anything was missing. Upon arriving at these premises, Meadows discovered that four small black and white television sets were missing. Meadows identified the televisions which the defendant was seen carrying, along with the other two, as being the same as those that were taken from his place of business. Also, the serial numbers on the televisions matched the serial numbers that were on invoices in Meadows' file. The defendant was approximately 300 feet from H & H Tire Company when he was first seen by Jessie Barbour.

The defendant offered no evidence. At the close of the State's evidence, the trial court allowed a judgment as of nonsuit as to the charge of receiving stolen goods. The charges of breaking and entering and larceny were submitted to the jury and the defendant was found guilty on both counts. From judgment of imprisonment the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Howard F. Twiggs for defendant appellant.*

MORRIS, J.

The defendant presents two questions to this Court. His first contention is that the evidence of identity was not sufficient to sur-

vive the motion for judgment as of nonsuit. In this regard the defendant cites *State v. Miller,* 270 N.C. 726, 154 S.E. 2d 902. In *Miller,* the witness testified that he was never closer than 286 feet from the suspect. The witness had never seen this man before, and that he only observed the suspect run along the side of the building in each direction, stop at the front and "peep" at the witness. The witness described the man he saw to the police as being 6 feet 3 inches tall. The person whom the witness later identified, the defendant, was actually 5 feet 11 inches tall. Our Supreme Court held that under these facts it was not possible ". . . for an observer to note and store in memory features which would enable him, six hours later, to identify a complete stranger with the degree of certainty which would justify the submission of guilt of such person to the jury."

**[1, 2]**  The general rule is, as stated in *State v. Miller, supra,* "Where there is a reasonable possibility of observation sufficient to permit subsequent identification, the credibility of the witness' identification of the defendant is for the jury, and the court's doubt upon the matter will not justify granting a motion for judgment of nonsuit . . ." The facts here show that the witness Barbour had seen the defendant many times before this particular incident occurred. Barbour was approximately 75 to 100 feet from the defendant when he first saw him. Upon these facts, we hold that the present case is distinguishable from *State v. Miller, supra,* and that the evidence of identity was not "inherently incredible because of undisputed facts, clearly established by the State's evidence, as to the physical conditions under which the alleged observation occurred." *State v. Miller, supra.* The Court properly left it to the jury to determine the weight to be given to the testimony of Barbour.

**[3]**  The second question raised by the defendant is in regard to testimony by Officer M. L. Stephenson. He was asked the following on direct examination:

"Q.  Do you have an opinion satisfactory to yourself as to whether or not latent prints could have been lifted from this roof?

MR. TWIGGS (defendant):  Objection.

COURT:  Overruled.

A.  Yes, sir.

Q.  What is that opinion?

A.  That they could not have been lifted.

STATE *v.* McCLAIN

Q. Why?

A. The dew and the dust made it impossible to lift a latent print.

MR. TWIGGS: Objection and motion to strike.

COURT: Motion overruled, exception."

The same series of questions were asked by the State in regard to footprints without objection by the defense. Officer Stephenson had not been qualified as a fingerprint expert when these questions were asked, although it was brought out that he had been a detective with the Raleigh Police Department for ten years.

[4, 5] Conceding, *arguendo*, that this testimony from a non-expert was improper, we do not think that it was prejudicial to the defendant. The defendant brought out evidence on cross-examination which showed that the State did not take fingerprints from the televisions, nor from the skylight. The above testimony referred only to the roof. Prior to the above series of questions Officer Stephenson had described the roof of the H & H Tire Company as being constructed of tar paper; and restated that on the morning in question it was wet with dew. Under these conditions, we do not think it was prejudicial to allow the non-expert to testify that prints could not be removed from the roof.

> "It is thoroughly established in our decisions that the admission of evidence which is not prejudicial to a defendant does not entitle him to a new trial. To warrant a new trial it should be made to appear by defendant that the admission of the evidence complained of was material and prejudicial to defendant's rights and that a different result would have likely ensued if the evidence had been excluded." *State v. Temple,* 269 N.C. 57, 152 S.E. 2d 206.

> "Where there is abundant evidence to support the main contentions of the state, the admission of evidence, even though technically incompetent, will not be held prejudicial when defendant does not affirmatively make it appear that he was prejudiced thereby or that the admission of the evidence could have affected the result." 3 Strong, N. C. Index 2d, Criminal Law, § 169.

[6] Aside from the fact that we do not believe the defendant was prejudiced by the admission of this evidence, we note that an objection was entered to the introductory question only. The defense did not object to the substantive question.

> "An objection to testimony not taken in apt time is waived. *S.*

*v. Merrick,* 172 N.C. 870, 90 S.E., 257. Afterward, a motion to strike out the testimony, to which no objection was aptly made, is addressed to the discretion of the trial judge, and his ruling in the exercise of such discretion, unless abuse of that discretion appears, is not subject to review on appeal. *S. v. Merrick, supra; S. v. Pitts,* 177 N.C., 543, 98 S.E., 767." *State v. Hunt,* 223 N.C. 173, 25 S.E. 2d 598.

**[7]**    Even though we have carefully examined the record and find no prejudicial error, the appeal must be dismissed for failure of defendant to docket the record on appeal within the time provided by our rules. Rule 5, Rules of Practice in the Court of Appeals of North Carolina. We note that judgment was entered on 18 September 1968. The appeal was not docketed in this Court until 4 February 1969, considerably beyond the 90-day period, and no extension of time was requested.

Appeal dismissed.

MALLARD, C.J., and CAMPBELL, J., concur.