STATE OF NORTH CAROLINA v. CLAUDE SANFORD WADE

No. 723SC334

(Filed 24 May 1972)

1. **Burglary and Unlawful Breakings § 5**— nonfelonious breaking or entering

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of nonfelonious breaking or entering where it tended to show that defendant was discovered in the kitchen of an occupied dwelling at 2:30 a.m., that defendant stated he was drunk and thought he was in his own house, that the back door to the house was locked but the front door had been left unlocked, that defendant was not authorized to enter the house and his own house was two blocks away on a different street, that in the opinion of the police officers defendant was not under the influence of alcohol or drugs when they saw him immediately after the occurrence, and that the result of a breathalyzer test performed on defendant was negative.

2. **Burglary and Unlawful Breakings § 6**— wrongful breaking or entering — instructions — "unlawful" entry

In a prosecution for wrongful breaking or entering in violation of G.S. 14-54(b), the trial court did not err in failing to instruct the jury that defendant's entry must have been "unlawful" where the court instructed that the entry must have been without the owner's consent and wrongful.

3. **Burglary and Unlawful Breakings § 4; Criminal Law § 64**— breathalyzer result — inadmissibility in breaking or entering case — harmless error

In this prosecution for wrongful breaking and entering wherein defendant's primary defense was that he was drunk and thought he was in his own house, the trial court erred in the admission of evidence of the result of a breathalyzer test performed on defendant, since the statute providing for the admission of breathalyzer test results relates only to criminal actions arising out of acts committed while operating a vehicle, G.S. 20-139.1(a); however, the admission of such evidence was harmless error in the light of other evidence that defendant was not intoxicated when arrested at the crime scene.

4. **Criminal Law §§ 76, 169**— in-custody statements — indigency — written waiver of counsel — harmless error

The trial court in a prosecution for nonfelonious breaking or entering erred in finding that defendant was not indigent at the time of his in-custody interrogation and in admitting in-custody statements made by defendant without a written waiver of counsel while former G.S. 7A-457 was in effect; however, the admission of such statements was harmless error where they were not prejudicial to defendant but supported his contention that he was drunk and thought he had entered his own house.

APPEAL by defendant from *Seay, Judge,* 13 December 1971 Session of CARTERET Superior Court.

Defendant was indicted for first-degree burglary but the State announced at trial that it would prosecute for felonious breaking and entering. At the close of the State's evidence the court allowed defendant's motion for judgment as of nonsuit on the charge of felonious breaking and entering but submitted the case to the jury on the lesser charge of wrongful breaking and entering. The jury returned a verdict of guilty and the court entered judgment sentencing defendant to prison for not less than twelve months nor more than eighteen months with recommendation for work release.

From this judgment, defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Ernest L. Evans for the State.*

*Bennett and McConkey, P.A., by Thomas S. Bennett for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the court to grant his timely made motions for judgment as of nonsuit.

[1] The State's evidence viewed in the light most favorable to it tends to show: On the night of August 13-14, 1971, Mr. and Mrs. Howard Gebeaux and their two-year-old son were occupying their home in Morehead City. They went to bed around 11:00 p.m., Mr. and Mrs. Gebeaux occupying an upstairs bedroom and their son occupying a downstairs bedroom. Around 2:30 a.m. Mr. and Mrs. Gebeaux were awakened by a noise and went downstairs to investigate. After checking several rooms Mr. Gebeaux went into the kitchen, turned on the light and saw defendant in the kitchen kneeling behind the stove. The back door to the house was locked but the front door had been left unlocked that night. Mr. Gebeaux was not personally acquainted with defendant but had seen him mowing lawns for neighbors. He asked defendant what he was doing there and defendant "put his hand to his head and started moaning and groaning." Defendant told Mr. Gebeaux and police who were called that he was drunk and thought he was in his own house. Defendant was not authorized to enter the house and his own house was approximately two blocks away on a different street. Police

officers testified that in their opinion defendant was not under the influence of any alcoholic beverage or narcotic drug when they saw him immediately after the occurrence. They testified that while in custody defendant agreed to submit to a breathalyzer test and that the result of the test was negative.

When viewed in the traditional rule of considering the evidence in the light most favorable to the State, giving it the benefit of every reasonable inference which may be legitimately drawn therefrom, the evidence was plenary to go to the jury on a charge of wrongful breaking and entering. "And, when so considered, if there is substantial evidence, whether direct, circumstantial, or both, of all material elements of the offense charged, then the motion for nonsuit must be denied and it is then for the jury to determine whether the evidence establishes guilt beyond a reasonable doubt. *State v. Mayo,* 9 N.C. App. 49, 175 S.E. 2d 297." *State v. Bronson,* 10 N.C. App. 638, 179 S.E. 2d 823 (1971).

[2] Defendant contends that the court erred in defining the crime submitted to the jury; that the court at no time instructed the jury that the entry of defendant must have been "unlawful." The court did instruct that the entry must have been without the owner's permission or consent and wrongful. Defendant cites as authority for his contention *State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27 (1965) and *State v. Green,* 2 N.C. App. 221, 162 S.E. 2d 513 (1968). Both of the cited cases were decided prior to the 1969 amendment to G.S. 14-54. This amendment sets forth a statutory offense. G.S. 14-54(b) provides: "Any person who wrongfully breaks or enters any building is guilty of a misdemeanor and is punishable under G.S. 14-3(a)." The court charged in the words of the statute and we hold that the instruction was free from prejudicial error.

[3] Defendant contends that the court erred in allowing police officers to testify as to in-custody statements made by him and as to results of the breathalyzer test. Defendant's primary defense was that he was drunk at the time of entering the house.

As to admitting evidence regarding results of the breathalyzer test, we hold this to be error, but not prejudicial to the defendant in this case. G.S. 20-139.1(a) states: "In any criminal action arising out of acts alleged to have been committed by any person while *driving or operating a vehicle* while under the influence of intoxicating liquor, the amount of alcohol in the

person's blood at the time alleged as shown by chemical analysis of the person's breath or blood shall be admissible in evidence and shall give rise to the following presumptions." (Emphasis ours.) In view of the quoted provision we do not think the breathalyzer test results are admissible in this breaking and entering case. However, the record is replete with testimony that the defendant was not intoxicated when arrested at the scene. In light of this evidence the error is harmless beyond a reasonable doubt. *State v. Bass*, 280 N.C. 435, 186 S.E. 2d 384 (1972).

[4] We also hold that the court erred in permitting the police to relate in-custody statements made by defendant. On the date of the alleged offense G.S. 7A-457 was in effect and at that time the only way an indigent could waive his right to counsel at an interrogation was to waive it in writing. *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971). There was no written waiver in this case. Four days after his interrogation defendant was adjudged indigent and counsel appointed to represent him in subsequent proceedings. Following a voir dire hearing the trial court found that at the time defendant made the statements he was "not indigent for the purpose of retaining counsel to represent him during his interrogation." We find nothing in this case to distinguish it from the facts in *State v. Wright*, 281 N.C. 38, 187 S.E. 2d 761 (1972), in which a similar finding was declared invalid.

While we think the court erred in admitting the evidence, the statements made by defendant would have to be prejudicial to him to warrant a new trial. *State v. Bass, supra; State v. Williams*, 275 N.C. 77, 165 S.E. 2d 481 (1969) ; *State v. McClain*, 4 N.C. App. 265, 166 S.E. 2d 451 (1969). We do not think they were prejudicial.

The statements were to the effect that defendant had been on the beach drinking from twelve noon to one a.m.; that he did not know why he was in the house; that he was simply drunk and wandered into the wrong house by mistake; that he had never been in the house before and did not know the occupants. In view of defendant's contentions as to why he was in the house we find nothing in the statements prejudicial to him. In addition, defendant testified to all of these facts when he took the stand except for the statement that he entered by mistake and did not know the occupants. At trial he testified he knew

Mrs. Gebeaux and at some prior time had been asked to visit her. We cannot see how the statement that he entered the house by mistake could be considered prejudicial. If anything it was beneficial to him and could have been a factor in the court's granting the motion for judgment as of nonsuit to felonious breaking and entering. Therefore, we conclude that while the admission of the statements was technically incorrect, they did not prejudice the defendant.

For the reasons stated, we find

No error.

Judges PARKER and HEDRICK concur.