STATE OF NORTH CAROLINA v. WILLIAM THOMAS POWELL

No. 7219SC825

(Filed 25 July 1973)

1. **Constitutional Law § 30— two and one-half years between offense and trial — right to speedy trial not abridged**

   Defendant in a prosecution for assault upon a law officer was not denied his right to a speedy trial where the evidence tended to show that the alleged offense took place in Randolph County in 1969 while the trial did not begin until 1972, the highway patrol officer who was the victim of the assault was transferred from Randolph County subsequent to the date of the offense and thereafter separated from the highway patrol and became a U. S. Deputy Marshal stationed in Raleigh, defendant was free on a nominal bond most, if not all, of the time between the offense and trial, and there was no showing that defendant was prejudiced in any way by the delay.

2. **Assault and Battery § 13; Criminal Law § 64— assault upon law officer — breathalyzer test results — inadmissible**

   Where defendant allegedly assaulted a law officer who had arrested him for driving under the influence of intoxicants, the trial court erred in allowing into evidence testimony as to the results of a breathalyzer test administered to defendant shortly after his arrest, since defendant was not driving or operating a vehicle at the time of the alleged assault; however, the error was not prejudicial to defendant as there was plenary evidence without the breathalyzer test results tending to show defendant's intoxication at the time he was operating a vehicle, thereby establishing probable cause for his arrest.

APPEAL by defendant from *Armstrong, Judge,* 17 July 1972 Session of Superior Court held in RANDOLPH County.

Defendant was tried upon a bill of indictment returned at the June 1972 Session of Randolph Superior Court charging that defendant did, on or about 19 October 1969, "unlawfully, willfully and feloniously assault W. L. Smith, a law enforcement officer, with a firearm, to wit, a pistol, while the said W. K. (sic) Smith was in the performance of his duties as a State

Highway Patrolman, in the act of arresting and conveying to jail the said William Thomas Powell on a charge of operating a motor vehicle on the public highway while under the influence of intoxicating liquor."

A warrant charging defendant with the same offense was issued on 31 March 1971. Following a preliminary hearing in district court on 23 June 1971, probable cause was found and defendant was bound over to superior court under $500 bond.

Evidence presented by the State tended to show: On 19 October 1969 W. L. Smith was a member of the State Highway Patrol, working in Randolph County. Around 10:40 p.m. on that date, he went to the scene of an accident to assist with the investigation of the accident. About the time Tpr. Smith arrived at the scene, defendant drove up in an automobile and stopped in a traffic lane. Tpr. Smith approached defendant's vehicle, engaged defendant in conversation and detected an odor of alcohol on defendant's breath. At Smith's request, defendant got out of his car and walked the white line on the side of the paved road. Observing that defendant staggered in walking the line, Smith concluded that defendant was under the influence of intoxicants and arrested defendant. Smith placed defendant in the patrol car and proceeded toward the jail. While driving to the jail, Smith heard a "click," looked around and defendant was holding a cocked pistol near Smith's head. Defendant told Smith, "Turn right up here you son-of-a-bitch, I am going to kill your G___ d_____ ass." As Smith was turning the patrol car, he mangaged to get hold of defendant's arm, after which the gun went off with a bullet going through the dash and another through the windshield of the patrol car. The car ran into a utility pole, Smith got hold of his service gun and shot defendant in his body. Thereafter, Smith called an ambulance and defendant was carried to a hospital. Later that night, at around 12:15 a.m., Sgt. McClure, who was duly licensed by the State Board of Health to administer breathalyzer tests, administered a test to defendant in the hospital. Over objection he testified that the test showed .13 (percent by weight of alcohol in defendant's blood).

The jury found defendant guilty as charged and from judgment imposing prison sentence of not less than three nor more than five years, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General T. Buie Costen for the State.*

*Ottway Burton for defendant appellant.*

PARKER, Judge.

Defendant assigns as error the overruling of his motion to dismiss the action for the reason that he was denied a speedy trial as guaranteed by the Sixth Amendment to the Federal Constitution.

In *State v. Johnson,* 275 N.C. 264, 269, 167 S.E. 2d 274 (1969), opinion by Justice Sharp, we find:

"Decisions of this Court establish:

"1. The fundamental law of the State secures to every person *formally accused* of crime the right to a speedy and impartial trial, as does the Sixth Amendment to the Federal Constitution (made applicable to the State by the Fourteenth Amendment, *Klopfer v. North Carolina,* 386 U.S. 213, 18 L.Ed. 1, 87 S.Ct. 988 (1967).

"2. * * *

"3. Undue delay cannot be categorically defined in terms of days, months, or even years; the circumstances of each particular case determine whether a speedy trial has been afforded. Four interrelated factors bear upon the question: the length of the delay, the cause of the delay, waiver by the defendant, and prejudice to the defendant.

"4. The guarantee of a speedy trial is designed to protect a defendant from the dangers inherent in a prosecution which has been negligently or arbitrarily delayed by the State; prolonged imprisonment, anxiety and public distrust engendered by untried accusations of crime, lost evidence and witnesses, and impaired memories.

"5. The burden is on an accused who asserts the denial of his right to a speedy trial to show that the delay was due to the neglect or willfulness of the prosecution. A defendant who has himself caused the delay, or acquiesced in it, will not be allowed to convert the guarantee, designed for his protection, into a vehicle in which to escape justice. (Citations.)"

In *State v. Brown*, 282 N.C. 117, 123, 191 S.E. 2d 659 (1972), opinion by Justice Moore, we find: "The word 'speedy' cannot be defined in specific terms of days, months or years, so the question whether a defendant has been denied a speedy trial must be answered in light of the facts in the particular case. The length of the delay, the cause of the delay, prejudice to the defendant, and waiver by defendant are interrelated factors to be considered in determining whether a trial has been unduly delayed. (Citations.)"

[1] In the instant case, defendant failed to show that the delay in his trial was due to the neglect or willfulness of the prosecution. To the contrary, the record discloses that subsequent to 19 October 1969 Tpr. Smith was transferred from Randolph County and thereafter separated from the State Highway Patrol and became a U. S. Deputy Marshal; that he was serving as a deputy marshal, stationed in Raleigh, at the time of the trial. The record further indicates that defendant was free on a nominal bond most, if not all, of the time between the date of the alleged offense and the date of his trial. There is no showing that defendant was prejudiced by the delay in any way. The assignment of error is overruled.

[2] Defendant assigns as error the admission of testimony showing the result of the breathalyzer test administered to him in the hospital. In connection with this assignment, defendant argues that the court should not have admitted any evidence tending to show that he was operating a motor vehicle upon a public highway while under the influence of intoxicants. We reject this argument. Evidence of defendant's operating a motor vehicle while under the influence of intoxicants was relevant to show that Tpr. Smith had probable cause to arrest defendant and that defendant was in the lawful custody of Tpr. Smith at the time of the alleged assault.

As to the admission of testimony showing the result of the breathalyzer test, G.S. 20-139.1(a) provides in pertinent part as follows: "In any criminal action arising out of acts alleged to have been committed by any person while driving or operating a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's breath or blood shall be admissible in evidence. . . ."

Since defendant in the case at bar was not driving or operating a vehicle at the time of the alleged assault on Tpr. Smith, we hold that the court erred in admitting testimony showing the result of the breathalyzer test; however, we do not think the error was prejudicial to defendant. *State v. Wade*, 14 N.C. App. 414, 188 S.E. 2d 714 (1972) ; cert. den., 281 N.C. 627, 190 S.E. 2d 470 (1972). Without the evidence disclosing the result of the breathalyzer test, there was plenary evidence tending to show defendant's intoxication at the time he was operating a vehicle, thereby establishing probable cause for his arrest. The jury was not passing upon the question of defendant's guilt of operating a vehicle while under the influence of intoxicants; its inquiry was whether Tpr. Smith had probable cause to believe that defendant was guilty of operating a vehicle while under the influence of intoxicants. The assignment of error is overruled.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief but finding them without merit, they too are overruled.

No error.

Judges BRITT and VAUGHN concur.