STATE v. WILL NORMAN.

(Filed 21 September, 1910.)

**Evidence Corroborative—"Bloodhounds."**

In order to render competent the action and conduct of a blood-hound in trailing a person from the place where a crime has been committed, there must exist certain conditions or circumstances which tend to establish the guilt of which the action of the blood-hound is indicative; and where there is a want of evidence tend-ing to show that the bloodhound was put upon the trail of the one who committed the offense, or that the hound was one of ex-perience in following a trail, or that the hound gave indication that the accused was the one whose trail it had apparently fol-lowed, and there was evidence only that a store had been robbed of a pistol the accused had in pawn there, and none that the accused had the pistol in his possession thereafter. *Held,* that there was no legal proof of the defendant's guilt.

APPEAL from *Ferguson, J.,* at the Spring Term, 1910, of CAMDEN.

The facts are stated in the opinion of the court.

The defendant was indicted in the court below for breaking and entering the store house of W. S. Berry, with the unlawful and felonious intent of stealing, taking and carrying away the goods and chattels of the said Berry. The evidence tended to show that there were several persons in the store on Saturday night, the 5th day of March, 1910. W. S. Berry went to his store Monday morning, 7 March, by 8:30, and found that it had been entered and that a few articles were lying on the counter and floor. They had been taken from the show-case and the shelves. The money drawer had been tampered with. He left a pistol in the drawer on Saturday night, which belonged to the defendant and was pawned by him to secure a loan of two dol-lars. The pistol was the only thing that was taken from the store. He telephoned to Mr. J. W. Shores and requested him to bring his bloodhound with him to the store, so that they could trail the thief. Shores came with the bloodhound. The dog scented several articles and started the trail just as he scented the money drawer. He left the store and ran down the track of the railroad to a public crossing, and then down the public road

for some distance, and thence across a field to the house of a widow, where Berry and Shores saw the defendant and the woman standing in the door. The dog did not recognize the defendant, although he stood near him. Several other persons had stayed in the house the night before with the defendant. The defendant lived about a mile from the house, at his father's home. There were no tracks around the store, and, as stated by the prosecuting witness, there was "nothing to identify the defendant as the person who had entered the house." The tracks of several persons were found on the public road near the railroad crossing, some of which seemed to correspond with the shoes worn by the defendant, though afterwards a comparison was made and it was found that, while the track was made by a blunt-toed shoe, the defendant did not wear such a shoe. There were no tracks for the dog to follow. The only tracks found were those near the crossing. The owner of the hound testified that he was a young dog and had been on but three trails, the results of which were not stated. He further testified that he was not regularly in the business of training bloodhounds and trailing criminals, but was, by trade, a painter. The dog was a bloodhound of good strain.

The defendant's counsel requested the court to charge the jury that there was no evidence of the defendant's guilt, which the court refused to do, and charged the jury that they must consider all the circumstances, and while they could not convict upon the evidence alone as to the actions or conduct of the dog, if they found beyond a reasonable doubt, from all of the evidence, that the defendant was guilty, they should return a verdict accordingly, and if not, they should return a verdict of not guilty. The defendant excepted. The jury returned a verdict of guilty and judgment being rendered thereon, the defendant appealed.

*Attorney-General Bickett* for the State.
*Thos. J. Markham* and *W. L. Cohoon* for defendant.

WALKER, J., after stating the case. We think the court should have given the instruction requested by the defendant. We have decided in several cases that the action and conduct of a blood--

hound in trailing a person from the place where a crime has been committed is competent evidence under certain circumstances. The conditions which must exist in order to render such evidence competent are stated in the case of *Pedego v. Com.*, 103 Ky., 41 (44 S. W. Rep., 143). It is there said: "That in order to make such testimony (the trailing of a track by a dog) competent, even where it is shown that the dog is of pure blood, and of a stock characterized by acuteness of scent and power of discrimination, it must also be established that the dog in question is possessed of these qualities, and has been trained or tested in their exercise in the tracking of human beings, and that these facts must appear from the testimony of some person who has personal knowledge thereof. We think it must also appear that the dog so trained and tested was laid on the trail, whether visible or not, concerning which testimony has been admitted at a point where the circumstances tend clearly to show that the guilty party has been, or upon a track which such circumstances indicated to have been made by him. When so indicated, testimony as to trailing by the bloodhound may be permitted to go to the jury for what it is worth, as one of the circumstances which may tend to connect the defendant with the crime of which he is accused. When not so indicated, the trial court should exclude the entire testimony in that regard from the jury." This Court, in the case of *State v. Moore*, 129 N. C., 494, adopted the rule of evidence as stated in that case, and when applying it to the facts of the *Moore case*, said: "In this case, there is no evidence to connect the circumstance of the baying of the two defendants, or either of them, with the making of the tracks at the time the larceny was committed; nor is there any evidence that the dog scented any that were then made by either of the defendants; nor is there any way to ascertain that fact. The evidence admitted failing to become a circumstance to connect the defendants with the crime, and failing to become a circumstance in corroboration of Rountree's testimony, there was error in admitting it." Evidence as to the conduct of the bloodhound in pursuing the track of a human being was admitted in the case of *S. v. Hunter*, 143 N. C., 607, and *S. v.*

*Freeman,* 146 N. C., 615, but it will be found on an examination of those two cases, that there were facts and circumstances which made the evidence reliable and therefore competent. Where such facts and circumstances do not exist, as in our case, the evidence is conjectural in its nature and barely raises a well-grounded suspicion as to the guilt of the party. In this case, there were no tracks at the store, and as stated by the prosecutor in his testimony, there was nothing about the premises which tended to connect the prisoner with the commission of the crime. There were no tracks between the store and the railroad crossing, and there was none in the field between the public road and the house where the defendant was found. How can it be said, with any degree of certainty, that he committed the offense? It is true that the pistol was missing from the money drawer, but it was not found in the possession of the defendant, and the mere fact that he owned the pistol was not evidence of his guilt, as any other person who may have entered the store could have taken it as well as he. While the dog ran from the store to the house where the defendant was found, it is stated in the case that he did not "recognize" the defendant, nor did he give any indication by his conduct, which is usual in such cases, that the defendant was the man whose trail he had been pursuing. The rule is that if there be no evidence, or if it be so slight as not reasonably to warrant an inference of the fact in issue, or if it furnish no more than material for mere conjecture, the court will not submit the issue to the jury. *Brown v. Kinsey,* 81 N. C., 245. In *S. v. Vinson,* 63 N. C., 335, it was held that evidence which "merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it is so, is an insufficient foundation for a verdict and should not be left to the jury." So in *Byrd v. Express Company,* it was said: "It all comes to this, that there must be legal evidence of the fact in issue and not merely such as raises a suspicion or conjecture in regard to it. The plaintiff must do more than show the possible liability of the defendant for the injury. He must go further and offer, at least, some evidence which reasonably tends to prove every fact essential to his success." There is nothing in this case to indicate that the defendant committed the crime

of breaking and entering the store house, except the conduct of the dog, and what he did is so uncertain and unreliable in its character as to be insufficient of itself to legally establish the defendant's guilt. It was not shown that the defendant was at the store on Saturday night, or that his tracks were seen at or near the store, or that he was in possession of any property which was stolen, or, as we have said, that the dog indicated by his conduct that he was the thief. It is impossible to understand how the dog could have trailed the defendant across the field when it appears that no tracks were found there. A careful analysis and consideration of the evidence convinces us that there was no proof of the defendant's guilt, and he was, therefore, entitled to the instruction which was requested by his counsel.

In his argument before us, the Attorney-General, with his usual frankness, stated that the evidence in the case does not "create a just suspicion against the defendant and the jury should have been instructed to return a verdict of not guilty."

In this view of the facts, we have concurred with him.

New trial.