## STATE v. ROOSEVELT BATTS.

(Filed 22 March, 1967.)

**1. Criminal Law § 101—**

Evidence which raises a mere suspicion or conjecture of guilt is insufficient to be submitted to the jury.

**2. Burglary and Unlawful Breakings § 4—**

Evidence that tracks fitting the shoes worn by defendant at the time of the offense were discovered where the stolen goods had been abandoned in a field adjoining the prosecuting witness' yard, but that the tracks could not be traced through the grass in her yard to her house, *held* insufficient to be submitted to the jury in a prosecution for breaking and entering the prosecuting witness' house and stealing the goods therefrom.

APPEAL by defendant from *Parker, J.*, at 29 August, 1966 Criminal Term of DUPLIN Superior Court.

Defendant was charged with breaking and entering the home of one Earschell Lanier and stealing one radio and one record player. He entered a plea, through his court appointed attorney, of not guilty.

The State's evidence tended to show that the prosecuting witness left her home about 5:00 o'clock on the Sunday afternoon in question and saw the defendant about thirty minutes later. She observed his clothing and that he was wearing a pair of shoes with big heels. When she returned home at about 6:00 o'clock she discovered that a side door to her home was slightly open and that her radio and record player were missing. She testified that she found the missing articles the next morning in a corn field 100 yards from her home and 50 yards from the home of defendant's grandmother. At that time she observed shoe tracks in the corn field, whereupon she called a deputy sheriff.

A deputy sheriff testified that he made plaster imprints of the tracks found, and that the defendant put his foot in the track out in the field and other prints were made. This witness also testified that the defendant was wearing the shoes in question on the night of the alleged crime and on the morning thereafter.

An officer of the State Bureau of Investigation testified that he had studied the plaster imprints and the shoes sent to him and upon studying them it was his opinion that the print as shown on the casts were made by the shoes in question or ones identical to them.

When the State rested the defendant made a motion for judgment as of nonsuit, which was denied. The jury returned a verdict of guilty and the defendant appealed, assigning other alleged errors.

*T. Wade Bruton, Attorney General, George A. Goodwyn, Assistant Attorney General for the State.*
*Mercer & Thigpen for defendant appellant.*

PER CURIAM. Considering the State's evidence in its strongest light, it merely shows the morning following the loss of the property that shoe tracks which were made by the defendant's shoes, or ones identical to them, were found where the stolen property was discovered. These tracks started in a cornfield adjoining the prosecuting witness's yard, but could not be traced (if they were present) through the grass in her yard to her house.

This just is not enough evidence to convict the defendant of the charge. In *S. v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431, the Court approved the following statement from *S. v. Simmons,* 240 N.C. 780, 83 S.E. 2d 904: " 'If there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.' The above is another way of saying there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss. It is immaterial whether the substantial evidence is circumstantial or direct, or both. * * * Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury."

The evidence here can only "raise a suspicion or conjecture" of the defendant's guilt. It is not sufficient to withstand a motion to dismiss.

Reversed.