STATE OF NORTH CAROLINA v. JASPER SWAIN.

(Filed 20 March 1968.)

**1. Criminal Law § 106—**

    If there is evidence, circumstantial, direct, or a combination of both, amounting to substantial evidence of each element of the offense charged, motion to nonsuit should be denied, it being in the province of the jury

STATE *v.* SWAIN.

to determine whether the circumstantial evidence excludes ·every reasonable hypothesis of innocence.

**2. Burglary and Unlawful Breakings § 5—**

Evidence of the State tending to show that the defendant and another person were observed at 2:00 a.m. walking from the front of a store building to an adjacent alley, that defendant and three others who were huddled together in the alley ran when officers approached, and that a glass in the store's front door had been broken, *is held* insufficient to be submitted to the jury on the issue of defendant's guilt of attempted breaking and entering.

**3. Criminal Law § 46—**

While flight of an accused person is a circumstance to be considered with other facts and circumstances upon the question of an implied admission of guilt, it is insufficient, standing alone, to warrant the submission of the issue of guilt to the jury.

APPEAL by defendant from *Carr, J.,* at the October 1967 Criminal Session of ALAMANCE County Superior Court. The defendant was tried on a warrant for attempted breaking and entering of "Trucker's Rest at 584 South Beaumont Avenue, Burlington, N. C." in the Burlington Municipal Court. He was found guilty and given a sentence of eighteen months. He took an appeal to the Superior Court, and upon the call of the case for trial upon motion of the solicitor, the warrant was amended to charge the defendant with an attempt to break and enter the building of Selma Harrell known as "Trucker's Rest" and located at 584 South Beaumont Avenue, Burlington, North Carolina. To the charge, the defendant entered a plea of not guilty. The case was consolidated with three other cases charging the same offense to three other defendants.

At the close of the State's evidence, the defendant made a motion for judgment as of nonsuit. This motion was denied and the defendant offered no evidence and renewed his motion for judgment as of nonsuit, and from a denial of this motion, the defendant assigns error in the trial below. The jury found the defendant guilty and he was sentenced to imprisonment for a term of twelve months to be assigned to work under the supervision of the State Correctional Department.

From the judgment, the defendant appealed assigning as error the denial of his motion for judgment as of nonsuit.

*Attorney General Bruton and Assistant Attorney General Melvin and Staff Attorney Costen for the State.*

*W. R. Dalton, Jr., for defendant appellant.*

CAMPBELL, J. As stated by Lake, J. in *State v. Hill*, 272 N.C. 439, 444, 158 S.E. 2d 329 (1967):

"The test of the sufficiency of the State's evidence to withstand a motion for judgment of nonsuit in a criminal action is the same whether the evidence is circumstantial, direct, or a combination of both. * * * To survive the motion for nonsuit, it is not necessary that the court be of the opinion that the evidence is sufficient to establish each element of the offense beyond a reasonable doubt. It is enough that there is substantial evidence of each element of the offense. If so, the issue must be submitted to the jury, and it is a question for the jury whether the evidence establishes each element of the crime beyond a reasonable doubt. * * * When the evidence relied upon to establish an element of the offense charged is circumstantial, the court must charge the jury that it must return a verdict of not guilty unless the evidence points unerringly to the defendant's guilt and excludes every other reasonable hypothesis. * * * It is not necessary however that the judge must so appraise the evidence in order to overrule the motion for judgment of nonsuit."

The State's evidence in its strongest light shows that on Friday, 15 September 1967, Selma Harrell owned and operated a place of business known as "Trucker's Rest" located on South Beaumont Avenue in Burlington, North Carolina. This business was a retail grocery store, and among other items, beer was sold.

About 9:30 p.m. the store was closed and all of the doors were locked. There was a front door which had glass panels in it which extended from the top about half way down. There was also a back door and a side door. In addition to the latch, the front door had a padlock on the inside with a screen above it. On one side of the store, there was a driveway and it was on this driveway that the side door opened. On the other side of the store, there was an alley but there was no door on the alley side of the building.

Braddy, a witness for the State, testified that he lived across the street on Beaumont Avenue and about 50 to 75 yards away from the store. He could see the store and the entrance to the alley from his home. About 2:00 a.m. on 16 September 1967 he was on the front porch of his home smoking, and he noticed two people walking in front of the store. He observed them go into the alley. He called the police and they arrived in about ten minutes. During this time he continued to watch the mouth of the alley and saw no one come out. When the police arrived, he saw the police officers place some people

in the police car and two of the persons put into the car were dressed like the two he had first seen walking in front of the store. The defendant had on a light jacket similar to the jacket the witness had seen on one of the two people in front of the store before he called the police. This witness saw no one break a glass in the door of the store.

The police officers testified that when they arrived they stopped the police patrol car in such way that the lights shined down the alley. Four men were observed huddled together in the alley and when the lights shined on them they ran towards the back of the alley. Upon command of the police officers, they stopped and were placed under arrest. All four had the odor of alcohol upon their breath but were not under the influence of alcohol. No weapons or burglary tools were found, either on the defendant or any of his companions. The defendant told the arresting officers that he had been drinking beer in the home of one of his companions and that he left to go telephone a taxi cab in order to go home. The other three companions came out of the house with him and one of them had a pint of whiskey and they had gone down the alley to take a drink. The defendant and his companions denied breaking any glass in the door of the store.

The State's evidence further shows that the glass panel in the front door was broken near the bottom just above the door handle and above where the padlock was on the inside. A hole some four inches wide by five to six inches high had been made in the glass, and glass was found knocked back into the store for a distance of about fifteen feet.

The police officers were unable to find a whiskey bottle in the alley or the adjacent field but did find a pair of work gloves and four socks in a rack for placing empty bottle cartons in the alley back of Jim's Curb Market which was a store across the alley from Trucker's Rest.

"This just is not enough evidence to convict the defendant of the charge." *State v. Batts,* 269 N.C. 694, 153 S.E. 2d 379 (1967).

"While the flight of an accused person may be admitted as a circumstance tending to show guilt, it does not create a presumption of guilt, nor is it sufficient standing alone, but it may be considered in connection with other facts in determining whether the combined circumstances amount to an admission." *State v. Gaines,* 260 N.C. 228, 231, 132 S.E. 2d 485 (1963).

"Evidence which raises no more than a surmise or conjecture of guilt is insufficient to overrule nonsuit, and there must be legal evidence of each fact necessary to support conviction." Strong, 2 N. C.

Index 2d, Criminal Law, Section 106, and cases cited in Footnotes 8 and 9.

The evidence here can only "raise a surmise or conjecture" of the defendant's guilt. It is not sufficient to withstand a motion to nonsuit.

Reversed.

MORRIS and PARKER, JJ., concur.