STATE OF NORTH CAROLINA v. ERVIN MAYO, JR.

No. 702SC381

(Filed 15 July 1970)

1. Criminal Law §§ 104, 106— motion for nonsuit — consideration and sufficiency of evidence

In passing upon a motion for nonsuit in a criminal case, the court must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference which may be legitimately drawn therefrom; if there is substantial evidence, whether direct, circumstantial, or both, of all material elements of the offense charged, the motion for nonsuit should be denied.

2. Bills and Notes § 22— issuing worthless check — insufficient credit with bank — sufficiency of evidence

In this prosecution for issuing a worthless check, the State's evidence was sufficient to carry the burden of proving that defendant had no credit with the drawee bank with which to pay the check on presentation, although there was no affirmative testimony to that effect, where it showed that payment was refused when the check was presented to the drawee bank, that there never were sufficient funds in the account to honor the check, and that defendant knew the check was "no good," since a legitimate inference may be drawn from the evidence that had defendant had sufficient funds on deposit or a credit arrangement with the drawee bank the check would have been paid upon presentation.

APPEAL by defendant from *James, J.,* 16 March 1970 Session, BEAUFORT Superior Court.

During 1968 and part of 1969 defendant operated a Sunoco Service Station in Washington, North Carolina. Milan J. Muzinich, owner of Washington Tire Company, provided defendant with a stock of tires for which defendant would pay as the tires were sold. Muzinich made periodic inventory checks to determine the number of tires sold and the amount owed by defendant.

On 11 March 1969, Muzinich made an inventory check and it was agreed between him and defendant that defendant owed $465.03 for tires sold. Defendant wrote a check for $465.03 payable to Washington Tire Company and delivered it to Muzinich. A day or two later Muzinich presented the check to the Washington branch of Wachovia Bank and Trust Company, the drawee bank, but the bank refused to honor the check. Boyd Beasley, Operation Officer of the Washington branch of Wachovia Bank and Trust Company, testified that on 11 March

1969 defendant had $3.29 in his account and that up until 31 March 1969 there were not sufficient funds to cover the check.

Defendant's evidence tended to show that when he gave the check to Muzinich he told him that he did not have any money but that he would give him a note for $465.00 and that since this was written on a check form it should not be in circulation because "[i]t is no good". Defendant further testified there were never sufficient funds in his account at Wachovia to pay the check.

On 17 March 1970 defendant was tried by a jury and found guilty of issuing a worthless check. Defendant appeals.

*Attorney General Morgan, by Staff Attorney Hart, for the State.*

*Frazier T. Woolard for appellant.*

BROCK, J.

Appellant contends the trial court erred in denying his motion for a directed verdict of acquittal made at the close of the State's evidence and renewed at the close of all the evidence for the reason that the State failed to carry the burden of proving the various vital elements of the offense charged.

[2] The bill of indictment charges that defendant "did not have sufficient funds on deposit in and credit with" the drawee bank with which to pay said check upon presentation. Defendant concedes the indictment is proper in form, but contends the State's evidence is not sufficient to carry the burden of proving that defendant had no credit with the drawee bank with which to pay the check on presentation and that therefore a verdict of acquittal should have been directed for defendant. We find no merit in this contention.

[1] It is well established that in passing upon a motion for nonsuit in a criminal case, the court must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference which may be legitimately drawn therefrom. And, if when so considered, there is substantial evidence, whether direct, circumstantial, or both, of all material elements of the offense charged, then the motion for nonsuit must be denied and it is then for the jury to determine

whether the evidence establishes guilt beyond a reasonable doubt. *State v. Locklear*, 7 N.C. App. 493, 172 S.E. 2d 924.

[2] In the present case there was no affirmative testimony that the defendant had no credit with the drawee bank with which to pay the check upon presentation. However, the evidence does show that, when the check was presented to the drawee bank, payment was refused; that on 11 March 1970 defendant had $3.29 on deposit in this account; that until the account was closed there were never sufficient funds in the account to honor the check; and that defendant knew the check should not be in circulation because it was "no good".

From this evidence a legitimate inference may be reasonably drawn that had defendant had sufficient funds on deposit or a credit arrangement with the drawee bank the check would have been paid upon presentment. Indeed, on the evidence in this case it would strain credulity to find otherwise. There was ample evidence to support the jury verdict and there was no error in overruling defendant's motions for a directed verdict of acquittal.

No Error.

BRITT and HEDRICK, JJ., concur.