STATE OF NORTH CAROLINA v. ROBERT BRONSON, ALIAS
EARL WALLACE BATES

No. 7110SC132

(Filed 31 March 1971)

1. **Criminal Law § 104— motion for nonsuit — consideration of evidence**

In passing upon a motion for nonsuit in a criminal case, the
court must consider the evidence in the light most favorable to the
State and give the State the benefit of every reasonable inference
which may be legitimately drawn therefrom.

2. **Burglary and Unlawful Breakings § 2— felonious breaking and entering
— elements of the offense**

Indictment properly charged the offense of felonious breaking or
entering a building with intent to commit larceny therein. G.S.
14-54(a).

3. **Burglary and Unlawful Breakings § 2— nature of a felonious breaking
or entering**

A felonious breaking or entering may consist of a mere pushing
or pulling open of an unlocked door, or the raising or lowering of an
unlocked window, or the opening of a locked door with a key.

4. **Burglary and Unlawful Breakings § 2— proof of intent**

The intent with which a defendant broke and entered, or entered,
may be found by the jury from what he did within the building.

5. **Burglary and Unlawful Breakings § 5— felonious breaking or entering
— sufficiency of evidence**

In a prosecution charging defendant with the breaking or entering
of a tire company with intent to steal therefrom, the jury could
reasonably infer that the defendant entered the building through the
skylight with intent to commit larceny, where (1) the investigating
officers found fresh footprints in the dew around the unlocked sky-
light, (2) all other doors and windows of the building were locked,
(3) the defendant was discovered hiding under a desk inside the
building, and (4) an automatic pistol was taken from the defendant's
person.

6. **Larceny § 1— elements of felonious larceny**

The elements of felonious larceny are the taking and carrying
away of the personal property of another without his consent, with
felonious intent at the time of the taking to deprive the owner of
his property and to appropriate it to the taker's use.

7. **Criminal Law § 2— proof of intent — what the jury may consider**

Intent is a mental attitude which must ordinarily be proved by
circumstances from which it can be inferred; in determining the
presence or absence of intent the jury may consider the acts and
conduct of defendant and the general circumstances existing at the
time of the alleged offense.

**8. Larceny § 7— felonious larceny — sufficiency of the evidence**

The State's evidence in a felonious larceny case was sufficient to be submitted to the jury.

**9. Burglary and Unlawful Breakings § 5; Larceny § 7— proof of intent — evidence of defendant's intoxication**

Evidence that the defendant was in an intoxicated condition at the time of his apprehension for felonious breaking or entering and larceny fell far short of a showing that defendant was so intoxicated that he was utterly unable to form the requisite intent of the crimes.

**10. Criminal Law § 169— testimony that defendant was an escaped felon — harmless effect**

An officer's testimony that defendant was an escaped felon at the time of his apprehension for larceny and for breaking or entering did not warrant mistrial in the prosecution for the two offenses, where the trial court promptly admonished the jury not to consider the improper testimony, and where there was ample competent evidence from which the jury could find the defendant guilty.

APPEAL by defendant from *Godwin, Judge of Superior Court,* 19 October 1970 Session, WAKE Superior Court.

Defendant was charged in a bill of indictment, proper in form, with (1) felonious breaking or entering, (2) felonious larceny, and (3) receiving. On defendant's pleas of not guilty he was placed upon trial only upon the first two counts.

State's evidence tended to show that at about 4:00 a.m. on Saturday, the 18th of April 1970, in response to a call that someone was in the H & H Tire Company building, two officers of the Raleigh Police Department went to investigate. They checked all of the outside doors and windows of the H & H Tire Company building and found them to be locked. They climbed the fire escape to the top of the building and observed freshly made footprints in the dew on the building roof. These footprints were around one of the skylights on the roof which the officers found to be closed but not latched or otherwise secured in a closed position. They raised the skylight, climbed down into the H & H Tire Company building, and found defendant hiding under a desk in the office. When asked what he was doing in the building, defendant said: "What does a thief do?" When the officers searched defendant they found upon him a brown wallet, one 25 cal. automatic pistol, two 12 ga. shotgun shells, several transistor radio batteries, and some keys. The State's evidence further tended to show that the above

enumerated items found on defendant's person were the property of H & H Tire Company. Defendant offered no evidence.

From verdicts of guilty of felonious breaking or entering, and guilty of felonious larceny, and judgments pronounced thereon, defendant appealed.

*Attorney General Morgan by Trial Attorney Richmond for the State.*

*McDaniel & Fogel by L. Bruce McDaniel for the defendant.*

BROCK, Judge.

[1]  Defendant assigns as error that the trial court denied defendant's motion for nonsuit at the close of State's evidence. It is a well founded and long standing rule that in passing upon a motion for nonsuit in a criminal case, the court must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference which may be legitimately drawn therefrom. And, when so considered, if there is substantial evidence, whether direct, circumstantial, or both, of all material elements of the offense charged, then the motion for nonsuit must be denied and it is then for the jury to determine whether the evidence establishes guilt beyond a reasonable doubt. *State v. Mayo,* 9 N.C. App. 49, 175 S.E. 2d 297.

[2-5]  The elements of the offense charged in the first count are the breaking or entering of a building with intent to commit larceny therein. G.S. 14-54(a). The State is not required to offer evidence of damage to a door or window. A breaking or entering condemned by the statute may be shown to be a mere pushing or pulling open of an unlocked door or the raising or lowering of an unlocked window, or the opening of a locked door with a key. *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269. Either a breaking or an entering with the requisite intent is sufficient to constitute a violation of the statute. *State v. Brown,* 266 N.C. 55, 145 S.E. 2d 297. The intent with which defendant broke and entered, or entered, may be found by the jury from what he did within the building. *State v. Tippett, supra.* The evidence of the fresh footprints in the dew around the skylight which was unlocked, the evidence that all other doors and windows were locked, and the evidence of defendant's location in the building are circumstances from which the jury might reasonably infer that defendant entered the building

State v. Bronson

through the skylight. The evidence of articles belonging to H & H Tire Company found on defendant's person would justify the jury in finding that defendant entered the building with intent to commit the crime of larceny.

[6-8] The elements of the offense charged in the second count are the taking and carrying away of the personal property of another without his consent, with felonious intent at the time of the taking to deprive the owner of his property and to appropriate it to the taker's use, the property having been so stolen from a building feloniously broken and entered, or entered. *State v. Brown, supra.* Intent is a mental attitude which must ordinarily be proved by circumstances from which it can be inferred. In determining the presence or absence of the element of intent the jury may consider the acts and conduct of defendant and the general circumstances existing at the time of the alleged commission of the offense, *State v. Kendrick,* 9 N.C. App. 688, 177 S.E. 2d 345. Clearly the State's evidence was sufficient to withstand motion for nonsuit as to the second count.

[9] Defendant also argues that he was intoxicated to the extent he was unable to form the requisite intent of the first count or the second count. Intoxication which renders an offender *utterly unable* to form the required specific intent may be shown as a defense. *State v. Baldwin,* 276 N.C. 690, 174 S.E. 2d 526. There was evidence from the State's witnesses on cross-examination that defendant was in an intoxicated condition at the time he was apprehended, but this evidence falls far short of a showing that defendant was in such an intoxicated condition that he was *utterly unable* to form the intent required in either the first or second count. Defendant's first assignment of error is overruled.

[10] Defendant next assigns as error that the trial judge denied his motion for mistrial which should have been ordered because of a statement made by one of State's witnesses. During the course of the direct examination of a State's witness the following occurred:

"Q. How did you determine later that his name was Robert Bronson, if you did?

"A. Through fingerprints, it was later determined that his real name was Robert Bronson, and he was an escaped felon from New Hanover.

"OBJECTION; SUSTAINED.

"MOTION TO STRIKE ALLOWED.

"COURT: You ladies and gentlemen will ignore completely and banish from your minds and give no consideration to the statement of the officer that he learned that the defendant was an escaped felon. It has no part in this case, and you may not consider it.

"MR. McDANIEL: Your Honor, I'd like to move for a new trial on that grounds. It's awfully hard to un-ring a bell. I appreciate the admonition of the court, and that's all the court can do, but you can't un-hear something and I'd like to move for mistrial.

"COURT: The motion is taken under advisement. We will reconsider the rule on it at a subsequent time."

It can be seen from the above that the trial judge promptly admonished the jurors not to consider the objectionable statement, and not to let it influence their decision. Immediately following this witness' testimony the State rested its case and the trial judge inquired of each individual juror if there was "the slightest question" in his or her mind regarding his or her "capacity to completely and absolutely disregard the officer's testimony" to which the objection had been sustained. To this inquiry each juror individually answered that he or she could disregard the officer's statement.

Ordinarily, when evidence is withdrawn by the court and the jury instructed not to consider it, any error in its admission is averted. *State v. Brown*, 266 N.C. 55, 145 S.E. 2d 297. The power of the court to withdraw incompetent evidence and instruct the jury not to consider it has been recognized and approved for many years. The exception to this method of procedure is where it appears from the entire record that the prejudicial effect of the evidence was not or probably could not be removed from the minds of the jury by the court's instruction. *State v. Brown, supra.* However, in this case there was ample evidence, exclusive of that stricken, from which the jury could be satisfied beyond a reasonable doubt as to defend-

ant's guilt, therefore we perceive no prejudicial error in the refusal of the trial judge to order a mistrial. "On a trial for a felony below a capital offense, whether a judge will sustain a motion for a mistrial is ordinarily within his discretion." *State v. Brown, supra.* Defendant's second assignment of error is overruled.

Defendant next assigns as error four excerpts from the instructions given by the court to the jury. Defendant does not make it clear in what respect he contends these four portions of the instructions constitute prejudicial error. In any event, we have carefully reviewed the entire instructions and in our opinion the jury was clearly instructed upon the applicable principles of law. We find no error prejudicial to defendant. Defendant's third assignment of error is overruled.

Defendant's fourth, and final, assignment of error is formal, and, in view of what has heretofore been said, is overruled.

In our opinion defendant has been given a fair and impartial trial. To the credit of the Raleigh Police Department defendant was caught "red-handed."

No error.

Judges MORRIS and VAUGHN concur.