STATE OF NORTH CAROLINA v. WALTER GUNTER AND L. C. KING

No. 7324SC801

(Filed 6 February 1974)

**Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence**

    The State's evidence was sufficient for the jury in a prosecution of two defendants for housebreaking and larceny where it tended to show that a house was forcibly entered and two rifles, a shotgun, money and other personal property were stolen therefrom, on the night in question a witness dropped defendants and a third person off in front of the victim's house and went back for them some 15 minutes later, defendants and the third person put what appeared to

be guns in the trunk of the car, and a watch belonging to the third person was found on the floor of the victim's house.

APPEAL by defendant from *Falls, J.,* May 1973 Session of MADISON County Superior Court.

The defendants Walter Gunter and L. C. King were indicted in separate bills charging the felonies of housebreaking and larceny. The cases were consolidated for trial. From a judgment of guilty as charged and active sentences pronounced thereon, the defendants gave notice of appeal.

The State's evidence tended to show that Emmitt and Patricia Norton lived in the Sodom-Laurel section of Madison County. On 18 January 1972, the Nortons and their children went to a basketball game at Laurel School, locking the house before they left. When they returned from the basketball game around 9:15, they found that the house had been forcibly entered and ransacked. There was mud all over the interior of the house and a crowbar was lying on the floor. In addition, a watch which did not belong to the Nortons, was lying on the floor. Two rifles and a shotgun had been stolen along with money and various other items of personal property.

Sheriff E. Y. Ponder testified that he went to the Nortons' home about 10:00 on the night in question. He found that the lock had been knocked off the back door and that the house had been entered. He described the house substantially in the same manner as the Nortons had described it. He found a Lyons watch lying on the floor. As a result of information obtained by him, he issued warrants for the defendants L. C. King, Walter Gunter, and Boyd Buckner. They were arrested in a day or two. Buckner admitted that the Lyons watch belonged to him and that he had lost it, but he did not remember where. He further admitted being with the defendants and John Gahagan on the night of the crime.

John Gahagan testified for the State. He stated that he had known Buckner and the defendants Gunter and King all of his life. He was with them on 18 January 1972, the night the offenses took place. He testified that the four of them had been to an A.B.C. store in Hot Springs and then had ridden around for a while. They were in Buckner's car, and Buckner had been driving. They asked Gahagan if he would drive. They asked him to let them off in front of the Norton house and to return and

get them a few minutes later. Gahagan let the other three out in front of the Norton house and drove around for about 15 minutes. When he came back, he flashed his headlights, and the three came up the bank onto the road and asked for the car keys. They raised the trunk and put something into it. The items they put into the trunk were in the shape of guns. All three of them got back into the car, and they drove into Tennessee and drank some coffee and some beer.

*Attorney General Robert Morgan, by Assistant Attorney General Donald A. Davis, for the State.*

*Joseph B. Huff for the defendant.*

CARSON, Judge.

At the conclusion of the State's evidence and again at the end of all the evidence, each defendant moved for judgment as of nonsuit. The denial of these motions is the only assignment of error presented to us on this appeal. It is well established that on a motion for judgment of nonsuit, the evidence is to be taken in the light most favorable to the State together with any logical inferences that can be drawn therefrom. *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971) ; *State v. Bronson,* 10 N.C. App. 638, 179 S.E. 2d 823 (1971). Applying that test to the facts in question, there was certainly enough evidence to be submitted to the jury on the question of the breaking and larceny. The defendants and Boyd Buckner were dropped off in front of the victims' home at the time the crime took place. The circumstances were highly suspicious. They were picked up by their accomplice a short time afterward, and they placed in the trunk of the car what appeared to be guns. Buckner's wrist watch was found inside the Norton home. There was an abundance of evidence in this case to be submitted to the jury, and the trial judge quite properly denied the motion for nonsuit.

No error.

Chief Judge BROCK and Judge MORRIS concur.