STATE OF NORTH CAROLINA v. GLENN EDWARD CURRIN

No. 7416SC57

(Filed 20 February 1974)

**Rape § 5— sufficiency of evidence**
    Testimony by the prosecuting witness in a rape case that she allowed defendant into her apartment when he came to collect insurance premiums on a policy he had sold her and that defendant tore her clothes off and proceeded to have sexual intercourse with her by force and against her will was sufficient to require submission of the case to the jury.

APPEAL by defendant from *Martin (Robert M.), Judge,* 13 November 1972 Session of the ROBESON County Superior Court. Argued in the Court of Appeals 23 January 1974.

The defendant was charged by bill of indictment with the capital offense of rape. From a conviction by the jury of the lesser included offense of assault with intent to commit rape and an active sentence pronounced thereon, the defendant gave notice of appeal. Being unable to perfect his appeal within the statutory time, the defendant applied for a writ of certiorari which was granted.

Darlene Locklear testified that she lived on Halsey Drive in Lumberton and shared an apartment with a girl friend. On 4 August 1972, the defendant came to her apartment for the purpose of selling insurance. She purchased a policy from the defendant and made the initial payment for the policy. On 21 August 1972, at approximately 3:45 in the afternoon, the defendant returned to Darlene Locklear's apartment. He told her that he needed to collect additional premiums for the insurance policy. He also asked if he could have a drink of water. Knowing the defendant, she admitted him into the apartment. The defendant assaulted the prosecuting witness, tore her clothes off and proceeded to have sexual intercourse with her by force and against her will.

Following the attack the prosecuting witness reported the crime to the police. She was taken to the hospital where she remained overnight.

The defendant admitted knowing the prosecuting witness and admitted having been to her home on August 4. He stated that he had not seen her since that time. He denied being at

her home on the 21st, but he did admit that he was in the vicinity of her apartment at that time on the date in question. He denied having intercourse with her at that time or any other time.

*Attorney General Robert Morgan by Assistant Attorney General William F. O'Connell for the State.*

*L. J. Britt and Son by Bruce W. Huggins for the defendant.*

CARSON, Judge.

The defendant moved for judgment as of nonsuit at the close of the State's evidence and again at the close of all the evidence. The only assignment of error brought forward on this appeal is whether the court committed error in not allowing the nonsuit.

In considering the evidence on the question of nonsuit, we have repeatedly held that the evidence must be construed in the light most favorable to the State. *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971); *State v. Bronson,* 10 N.C. App. 638, 179 S.E. 2d 823 (1971). Without regard for the corroborating and conflicting evidence presented by the State and by the defendant, the statement of the prosecuting witness, if believed, is sufficient to establish all the elements of rape and the lesser included offenses. Considering her testimony in the light most favorable to the State and giving the State the benefit of all the logical inferences therefrom, it is abundantly clear that the matter should have been presented to the jury. The jury obviously believed the prosecuting witness and disbelieved the defendant.

No error.

Chief Judge BROCK and Judge MORRIS concur.