STATE OF NORTH CAROLINA v. TONY EUGENE MARZE AND DANNY REID ZIEGLER

No. 7420SC458

(Filed 7 August 1974)

**Burglary and Unlawful Breakings § 5— break-in of home and motor vehicle — sufficiency of evidence**

Evidence was insufficient to be submitted to the jury in a prosecution for breaking and entering and larceny where it tended to show that a home and a motor vehicle were broken into, items were taken therefrom, the items were found buried fifty feet from one defendant's car, defendants were apprehended about two miles from the crime scene after they had been followed by bloodhounds, defendants fled when the law officers approached them, and there was a tennis shoe print on the door of the home entered and one defendant had on tennis shoes when he was apprehended.

APPEAL by defendants from *McConnell, Judge,* 17 December 1973 Session of UNION County Superior Court.

The defendants were charged in bills of indictment with the felonies of breaking and entering a dwelling house with intent to commit larceny, larceny as a result of said breaking and entering, and breaking and entering a motor vehicle with intent to commit larceny. These cases were heard at the 22 October 1973 Session of Union County Superior Court, but the jury deadlocked and failed to return verdicts. A mistrial was declared, and the matter was docketed for the 17 December 1973 Session of Union County Superior Court. Pleas of not guilty were entered in each matter. Each defendant was found guilty as

charged, and each received an active sentence of five years. From the imposition of said sentences, each defendant appealed.

The State's evidence showed that Ronald Holcomb and his family lived at Route 1, Waxhaw. They left their home on the morning of 17 May 1973, and the home was securely locked when they left. A pickup truck and camper owned by the Holcombs was also located on the premises. It was likewise locked when the Holcombs left home. Various items of personal property were in the pickup truck and in the house. Holcomb returned home that afternoon and found that his home had been entered. Two wrist watches were missing. Also, it was discovered that the camper had been entered and that some fishing tackle had been stolen from the camper. An automobile owned by the defendant Marze was found on the road some four hundred yards from the Holcomb home. The stolen fishing tackle was found in the woods about fifty feet from the Marze automobile. No identifiable fingerprints were found in the Holcomb house, but a tennis shoe print was found on the door. Bloodhounds were brought into the area and were put on a trail which started around three hundred feet from the house. After a search of the area, the defendants were apprehended in the woods about two miles from the Holcomb house. They fled when the officers approached them. The defendant Ziegler was wearing tennis shoes.

The defendants' evidence tended to show that the defendants intended to go fishing. They drove their car to a rural area in Union County and parked beside the road. They set out on foot into a pasture to a pond where they began searching for lizards. After being there some while, they saw a police vehicle near their automobile. Since defendants were in violation of conditions of parole, they fled when they saw the law enforcement officers. They were subsequently apprehended after the dogs led the officers to the place where they were hiding in some bushes. Each defendant denied going about the Holcomb premises or committing any of the offenses charged.

*Attorney General Robert Morgan, by Associate Attorney Charles R. Hassell, Jr., for the State.*

*Wardlow, Knox and Knox, by John S. Freeman and H. Edward Knox for the defendant.*

CARSON, Judge.

Able counsel for the defendant vigorously contends that a judgment as of nonsuit should have been entered at the conclusion of the State's evidence and again at the conclusion of all the evidence. On a motion for nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of any reasonable inferences which arise therefrom. *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971) ; *State v. Bronson,* 10 N.C. App. 638, 179 S.E. 2d 823 (1971). Applying that test to the facts of the instant situation, it is clear that the evidence is sufficient to sustain a finding that someone broke into the home of the Holcombs and their motor vehicle on the date in question, and stole the items as set forth in the bills of indictment. It is further reasonable to assume that the thieves placed the items in the woods some fifty feet from where the defendant Marze's vehicle was located on the road. We do not feel, however, that there was enough evidence to justify submitting the question of the defendants' guilt to the jury. There is no competent evidence to sustain a finding that the defendants were ever at the Holcomb residence. The fact that a print of a tennis shoe was on the door of the Holcomb home and that the defendant Ziegler was wearing tennis shoes is of no probative value. It has no tendency to identify the defendant as the prepetrator of the crime unless circumstances show that the shoe prints were found at or near the place of the crime, that the shoe prints were made at the time of the crime, and that the shoe prints correspond to shoes worn by the accused. *State v. Pinyatello,* 272 N.C. 312, 158 S.E. 2d 596 (1968) ; *State v. Palmer,* 230 N.C. 205, 52 S.E. 2d 908 (1949). Neither the second nor the third condition as set forth was met in the instant case. In addition, there was no peculiar identifying characteristic shown between the shoe print on the door and the shoes worn by the defendant Ziegler. There was not even an exact measurement to correspond. This matter, therefore, should not have been considered by the jury.

Neither should the testimony concerning the bloodhounds be given any probative value. To be considered by the jury, it is necessary for the State to show that the dog was put on the trail of the guilty party under such circumstances as to afford substantial assurance that the person trailed was, in fact, the person suspected. *State v. Rowland,* 263 N.C. 353, 139 S.E. 2d 661 (1965) ; *State v. Norman,* 153 N.C. 591, 68 S.E. 917 (1910).

Here, the dogs were released at least three to four hundred feet from the Holcomb house. There was no evidence whatsoever that the persons who broke into and robbed the Holcomb home were at the position three to four hundred feet away where the dogs were released.

While the fact of flight may be considered by the jury along with other evidence, standing alone it is insufficient to raise the presumption that the defendant committed the crime in question. *State v. Gaines,* 260 N.C. 228, 132 S.E. 2d 485 (1963); *State v. Swain,* 1 N.C. App. 112, 160 S.E. 2d 94 (1968). This is especially true when the flight occurred at a distance of some two miles from the scene of the crime.

Finally, the location of some of the stolen property in the woods fifty feet from the defendant's parked vehicle is insufficient to place their possession with the defendant. The doctrine of recent possession did not apply. *State v. Glenn,* 251 N.C. 156, 110 S.E. 2d 791 (1959).

Considering all of the evidence in the light most favorable to the State, we do not feel that there was sufficient evidence of guilt for this matter to be submitted to the jury.

Reversed.

Judges PARKER and VAUGHN concur.