For the reasons stated, the appeal is

Dismissed.

Judges CLARK and MARTIN (Harry C.) concur.

---

STATE OF NORTH CAROLINA v. ROBERT LEE ERVIN

No. 7926SC434

(Filed 6 November 1979)

**Criminal Law § 113.7— acting in concert—sufficiency of evidence**

> Evidence in a breaking and entering and larceny prosecution was sufficient from which a reasonable inference could be drawn that defendant entered a school with another person and was acting in concert with him where it tended to show that two suspects were found within the school only a few feet away from each other at a time when no one was supposed to be in the school; both were dressed in athletic clothing; and the only entrance to the school was through a broken window which was near a basketball court.

APPEAL by defendant from *Walker, Judge.* Judgment entered 10 January 1979 in Superior Court, MECKLENBURG County.

Defendant, Robert Lee Ervin, was indicted for felonious breaking and entering a school with intent to commit larceny and felonious larceny of a blank pistol following the entry. The jury found defendant guilty of two offenses — non-felonious breaking or entering, and larceny pursuant to a breaking and entering. Defendant was sentenced to a minimum of two years and a maximum of four years.

Three witnesses testified for the State. Jerome Williams, a security supervisor for the Charlotte-Mecklenburg Schools, testified that he responded to a burglar alarm at the J. T. Williams School at 3:16 a.m. on 20 September 1978. Williams climbed through a broken window in the principal's office and then opened a door to let Charlotte police into the building. Williams then searched the health room, directly across from the principal's office, and found defendant hiding behind a desk. There was evidence that two small fires had been set in the health room.

Officer Thomas G. Smith of the Charlotte police force also testified for the State. Smith stated that after he was admitted into the school, he apprehended Reginald Shepherd. Shepherd was found in a hallway approximately 20 to 25 feet from the principal's office. Shepherd was patted down and a .32 caliber blank pistol was found stuck into the back of his running shorts. Both Shepherd and the defendant were dressed in running shorts, and the State's evidence infers that both suspects might have been playing basketball on courts near the principal's office before the break-in.

Frank Gaston, principal of J. T. Williams School, also testified for the State. Gaston stated that he had left the school around 10:30 the night of the break-in, and that when he had left, his office was in order and the window was unbroken. Gaston testified that when he returned to the school the morning after the break-in, the window in his office was broken and the blank pistol he kept in his desk drawer was missing. Gaston also stated that there were match stems on the floor of his office and that some of his papers had been moved around.

After the State rested its case, the defense moved for a dismissal of the felony counts of breaking and entering with the

intent to commit larceny and the larceny pursuant thereto. The court denied the motions, and the defendant excepted.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Fritz Y. Mercer, Jr., for defendant appellant.*

HILL, Judge.

At the close of State's evidence, defendant moved to have the larceny count dismissed. The motion was denied and defendant asserts on appeal that this was error. Defendant asserts that the evidence, taken in the light most favorable to the State, was insufficient to show that Reginald Shepherd and the defendant were acting in concert.

It is clear that the court, on motion to dismiss, must look at the evidence in the light most favorable to the State. *State v. Kelly,* 243 N.C. 177, 90 S.E. 2d 241 (1955). A motion to dismiss is properly denied where there is more than a scintilla of competent evidence to support the allegations of the warrant or bill of indictment. *See Kelly, supra.* The State provided enough evidence so that it was proper for the court to dismiss defendant's motion.

A recent case, *State v. Joyner,* 297 N.C. 349, 255 S.E. 2d 390 (1979), examines the acting in concert principle. Justice Exum states at p. 357 that,

> It is not, therefore, necessary for a defendant to do any particular act constituting at least part of a crime in order to be convicted of that crime under the concerted action principle so long as he is present at the scene of the crime and the evidence is sufficient to show he is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.

A reasonable inference can be drawn from State's evidence that the defendant had entered the building with Reginald Shepherd and was acting in concert with him. The two suspects were found only a few feet away from each other at a time when no one was supposed to be in the school. Both were dressed in athletic clothing, and the only entrance to the school was through the broken window—a window that was near a basketball court.

All of the elements of larceny were addressed by State's evidence. There had been a breaking and entering through the window in the principal's office; there had been a taking and carrying away of the pistol kept in the principal's desk without his consent, and because the taking took place in the manner it did, intent to permanently deprive the principal of the pistol was evident. *State v. Bronson*, 10 N.C. App. 638, 641, 179 S.E. 2d 823 (1971).

No error.

Judges VAUGHN and ERWIN concur.