STATE OF NORTH CAROLINA v. DARRELL GENE WILLIAMS

No. 812SC914

(Filed 2 March 1982)

1. Burglary and Unlawful Breakings § 5.9— breaking and entering of business premises—sufficiency of circumstantial evidence

The State's evidence was sufficient for the jury in a prosecution for felonious breaking or entering of an oil company and felonious larceny of property therefrom where it tended to show: (1) some eight days before the crimes, defendant was seen standing outside the oil company's fence where empty oil drums were stored; (2) the perpetrator stood on an oil drum to cross the fence and gain entrance to the oil company's compound; (3) within minutes after defendant was seen outside the fenced-in-area, defendant visited the office that

was subsequently broken into and had an opportunity to see that money was kept in the filing cabinet and in a can on the refrigerator; (4) approximately eleven hours after the last time the office had been observed unentered and approximately a day and a half before the break-in was discovered, defendant was arrested for driving under the influence after being observed at a site three fourths of a mile from the oil company; (5) when he was arrested, defendant had $13 in bills and $5.81 in change while the amount last known to have been in the can at the oil company was between $6 and $10 in change and three $1 bills; (6) a tire tool found in the car defendant was driving had paint flecks on it which were of the same origin as the paint on a broken window at the oil company, and the width of the tire tool was consistent with the pry marks left on that window; and (7) a heel print found two days after the crimes just inside the fence on the oil company's property was made by defendant's boot.

**2. Criminal Law § 163— misstatement of evidence—necessity for objection**

Objections to the trial court's review of the evidence must be made before the jury retires so as to give the trial judge an opportunity to correct any misstatement and thus avoid the expense of a retrial.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 9 April 1981 in Superior Court, STANLY County. Heard in the Court of Appeals 9 February 1982.

Defendant was convicted of felonious breaking or entering and felonious larceny. After the imposition of a prison sentence of not less than nor more than ten years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney William H. Borden, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

BECTON, Judge.

I

[1] Defendant states his first argument thusly: "The trial court erred in denying defendant's motions to dismiss the charges because there was not sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that defendant was the person who committed the offenses."

In order for the evidence to support the charge, there must be "substantial evidence . . . of every essential element that goes to make up the crime charged," *State v. Allred,* 279

N.C. 398, 404, 183 S.E. 2d 553, 557 (1971), or evidence from which a rational jury may find beyond a doubt the existence of such elements. *Jackson v. Virginia*, 443 U.S. 307 (1979).

*State v. McCoy*, 303 N.C. 1, 24, 277 S.E. 2d 515, 532 (1981). And how are trial courts to view the evidence? The principles are well established: The evidence is to be viewed in the light most favorable to the State; every reasonable inference is to be drawn in favor of the State; all contradictions and discrepancies in the evidence are to be resolved in the State's favor; and the defendant's evidence may be considered if it merely explains or clarifies and is not inconsistent with the State's evidence. *State v. McCoy*.

These general principles apply in every case, whether the evidence is circumstantial or direct, or both. And while it may be proper in a wholly circumstantial evidence case to instruct the jury that the circumstances must be inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt, it is improper for the trial judge to use this standard at the nonsuit stage. As stated by Justice Higgins in *State v. Stephens*, 244 N.C. 380, 383-84, 93 S.E. 2d 431, 433-34 (1956):

It is immaterial whether the substantial evidence is circumstantial or direct, or both. To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of the facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury. [Citations omitted.]

To connect defendant to the crime charged in the case *sub judice*, the State presented evidence (1) that, on 6 February 1981, defendant was seen standing outside the oil company's fence where empty oil drums are stored and where, according to the State's theory, defendant jumped over the fence to gain entrance to the oil company's compound on 14 February 1981;[1] (2) that

---

1. The evidence in the light most favorable to the State tends to show that defendant's footprints were found approximately 200 feet away from the building and

within minutes after defendant had been seen outside the oil company's fenced-in-area, defendant visited the office that was subsequently broken into and had an opportunity to see that money was kept in the filing cabinet and in a can on the refrigerator; (3) that on 14 February 1981 the defendant was arrested for driving under the influence after first being observed at a site ¾ of a mile from the oil company (this was approximately 11 hours after the last time the office had been observed unentered and approximately a day and a half before the break-in was discovered); (4) that when he was arrested, defendant had $13 in bills and $5.81 in change while the amount last known to have been in the can at the oil company was between $6 and $10 worth of change and three $1 bills; (5) that a tire tool found in the car defendant had been driving had paint flecks on it that were of the same origin as the paint on the broken window at the oil company, and the tire tools' width was consistent with the pry marks left on that window; and (6) that a heel print found on 16 February 1981 just inside the fence on the oil company's property was made by defendant's boot.

For the sake of argument, we accept defendant's suggestion that the first four "pieces of evidence" taken singly or in combination are of little probative value. Similarly, we have no quarrel with defendant's suggestion that the tire tool evidence, if considered separate and apart from the other evidence, is insufficient to connect the defendant to the crime charged. We also agree with defendant's contention that the footprint evidence, considered by itself, "casts suspicion upon defendant but fails to constitute evidence from which a rational trier of fact could find defendant guilty of this offense beyond a reasonable doubt." Indeed, viewing each piece of circumstantial evidence singly, we see how defendant finds solace in *State v. Burton*, 272 N.C. 687, 158 S.E. 2d 883 (1968), a pry tool case, and *State v. Batts*, 269 N.C. 694, 153 S.E. 2d 379 (1967), a footprint case. *Burton* and *Batts* are distinguishable, however, as the following analysis shows.

In *Burton*, the only evidence linking the defendants to the safecracking of a particular warehouse was the fact that they

indicated that defendant walked towards the fence which had a strand of barbed wire on top, and after crossing this by standing on an oil drum, leaving mud behind, continued toward the building. Mud tracks were found in the building leading from the broken window back to the room where the safe was located.

were found three days later in another warehouse in possession of a crowbar which an expert testified was used to pry open the safe in the first warehouse. Our Supreme Court held the evidence insufficient to support the conviction, noting that although the evidence was sufficient to put the instruments used at the scene of the crime in defendant's possession, whether one of the defendants, both of the defendants, or either of the defendants was the person or persons who cracked the safe in the first warehouse remained in the realm of speculation and conjecture. In *State v. Batts*, missing items from a break-in were found the morning following the break-in in a cornfield 100 yards from the victim's home and fifty yards from the defendant's grandmother's home. Shoe tracks later determined to match defendant's shoes were found in the cornfield where the stolen property was recovered. The prints started in the cornfield adjacent to the victim's yard but could not be traced through the yard to the house. Our Supreme Court held this evidence sufficient only to raise suspicion and conjecture and reversed the conviction. *Compare State v. Marze*, 22 N.C. App. 628, 207 S.E. 2d 359 (1974), in which this Court considered the fact that defendants were apprehended in a wooded area approximately two miles from the scene of a break-in, and held that a tennis shoe print found on the door of the home had no tendency to link defendant to the crime, there being no showing that the shoe print was made at the time of the crime or that the shoe print corresponded to the tennis shoes worn by one of the defendants.

The facts in *Burton, Batts,* and *Marze* compelled no conclusions other than the ones reached. The case at bar involves more than "tire tool" evidence; it involves more than "footprint" evidence. All the circumstances, the total combination of facts must be considered in determining the sufficiency of the evidence. *State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977). In *Irick*, defendant's fingerprint was found among a number of unidentified prints around the window a burglar entered. The *Irick* Court concluded that the fingerprint evidence, standing alone, was insufficient for the jury to find that defendant impressed the print at the time the crime was committed; however, the Court held that the fingerprint along with the following evidence was sufficient to withstand a motion for nonsuit: (1) defendant had been observed coming from the general direction of the burglarized home; (2)

defendant was tracked by bloodhounds to a car from the site of another robbery where a dish towel from the burglarized home was found; (3) the defendant had the same denominations and amounts of money in his pocket as was stolen; and (4) defendant attempted to flee from police officers. *See also State v. Randolph,* 39 N.C. App. 293, 250 S.E. 2d 318 (1979), *appeal dismissed* 297 N.C. 179, 254 S.E. 2d 40 (1979).

Because the evidence at the nonsuit stage need not rule out every reasonable hypothesis of guilt, the evidence connecting the tire tool by pry marks and paint flecks to the window that was broken into, taken together with all the other circumstantial evidence, is sufficient for a jury to find beyond a reasonable doubt that the defendant committed the crime in question.

## II

[2] Having reviewed the court's instructions to the jury in its entirety, we reject defendant's next assignment of error that "[t]he trial court erred in presenting a summary of defendant's evidence and contentions which was incomplete, deprecated defendant's evidence, failed to include essential defense evidence, unfairly weighed the case in favor of the State, and constituted an expression of opinion in violation of G.S. 15A-1232." We find nothing in the charge suggesting that the trial judge's summary of the evidence prejudiced the defendant.

We deem it necessary to state again an often repeated rule: Objections to the trial court's review of the evidence must be made before the jury retires so as to give the trial judge an opportunity to correct any misstatement and thus avoid the expense of retrial. The record does not indicate that trial counsel made any objection to the court's summary of the evidence.

Believing that this case is distinguishable from *Burton* and *Batts* and indistinguishable from *Irick* and finding that defendant was not otherwise been prejudiced, we conclude that the trial court committed

No error.

Judge HEDRICK and Judge HILL concur.