STATE v. CHARLES SMITH.

(Filed 6 January, 1937.)

**1. Criminal Law § 32a—**

Intent, being a mental attitude, must ordinarily be proven by circumstantial evidence, that is, by proof of facts from which intent may be inferred.

**2. Burglary § 9—Evidence held for jury on question of defendant's intent to commit felony when he broke and entered dwelling.**

Evidence tending to identify defendant as the person who broke and entered a dwelling in nighttime, and that after he had broken and entered

STATE *v.* SMITH.

he went to the bed in which prosecutrix was sleeping and grabbed her by the feet, and, after threatening to kill her if she got up, he grabbed her around her waist, that he fought her for a considerable length of time, dragged her from her home and released her only after light, *is held* sufficient to be submitted to the jury on the question of defendant's intent, at the time of breaking and entering, of committing rape as charged in the bill of indictment, and defendant's motion to nonsuit on the ground that there was not sufficient evidence of felonious intent, was correctly denied.

3. **Criminal Law § 29c—Defendant's evidence tending to raise mere conjecture that crime charged was committed by another held incompetent.**

Defendant, charged with burglary, relied upon an alibi, and offered evidence tending to show that another was in the neighborhood of the scene of the crime at the time it was alleged to have been committed. *Held:* The evidence was properly excluded, since evidence that another had committed the crime charged is competent only when it points unerringly to the guilt of such other person and raises a reasonable inference of defendant's innocence, and evidence which merely creates an inference or conjecture as to the guilt of such other person is inadmissible.

4. **Burglary § 10—Charge held to have correctly instructed jury that defendant must have intended to commit specific crime charged in house entered.**

In this prosecution for burglary, the charge to the jury *is held* to have sufficiently and correctly instructed the jury that in order for a conviction the jury must find that at the time of breaking and entering defendant must have had the specific intent to commit the crime of rape as charged in the bill of indictment and have had the intent to commit the crime in the house broken and entered, it not being necessary that the charge negative the intent to commit the crime in a place other than the house broken and entered in the absence of a special request for instructions.

5. **Criminal Law § 53e—**

Where the charge is without error when read contextually as a whole, exceptions to unconnected portions of the charge cannot be sustained.

6. **Criminal Law § 81a—Verdict of jury on conflicting evidence is conclusive.**

The State offered plenary evidence of defendant's guilt of the crime charged. Defendant relied chiefly upon an alibi. The evidence was submitted to the jury in a charge free from prejudicial error, and the jury returned a verdict of guilty. *Held:* The verdict of the jury in a trial free from error of law is conclusive on appeal.

APPEAL by the defendant from *Barnhill, J.,* at August Term, 1936, of COLUMBUS. No error.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*R. H. Burns & Sons for defendant, appellant.*

STATE *v.* SMITH.

SCHENCK, J. The defendant is appellant from judgment of death predicated upon conviction of burglary in the first degree.

The State offered evidence tending to show that about 3:30 o'clock a.m., on 7 June, 1936, in the nighttime, the house which was occupied by Mrs. Sarah Lyles and her children was broken and entered by the defendant, and that the defendant came to the bed of Mrs Lyles and caught her about her legs and then about her waist and told her not to get up, that a struggle ensued, and that in the course of the struggle Mrs. Lyles struck the defendant in the head with a hatchet, and that the defendant struck Clarence Lyles, the 14-year-old son of Mrs. Lyles, who had come to the rescue of his mother, with the hatchet. The bill of indictment charged that the house was broken and entered by the defendant with the intent "to forcibly and violently and feloniously ravish and carnally know Mrs. Sarah Lyles, a female occupying and sleeping in said dwelling house at the time, without her consent and against her will."

The defendant testified and offered corroborative evidence tending to show that he was elsewhere at the time the offense was alleged to have been committed.

The first exceptive assignments of error are to the refusal of the court to grant the motion of the defendant to dismiss the action properly lodged when the State had produced its evidence and rested its case, and renewed after all of the evidence in the case was concluded. C. S., 4643.

The argument urged by the appellant under these assignments is that the evidence failed to establish that the person who broke and entered the dwelling house of Mrs. Lyles had the intent to ravish and carnally know her in the house at the time of such breaking and entry. Intent being a mental attitude, it must ordinarily be proven, if proven at all, by circumstantial evidence, that is, by proving facts from which the fact sought to be proven may be inferred. As was said by this Court in a case wherein the defendant was charged with burglary, "It must ordinarily be left to the jury to determine, from all the facts and circumstances, whether or not the ulterior criminal intent existed at the time of the breaking and entry." *S. v. Allen,* 186 N. C., 302.

In the present case there is evidence tending to show that when the prisoner broke and entered Mrs. Lyles' dwelling house he went over to the bed in which she was lying and caught her by the feet, and, after threatening to kill her if she got up, he grabbed her around her waist. There is further evidence tending to show that he fought her for a considerable length of time, never quite subduing her, and that he dragged her from her home and children, and released her only after darkness had faded away. We are of the opinion, and so hold, that this evidence was sufficient for the jury to reasonably infer that the breaking

and entering of the dwelling house was accompanied with the intent to commit the felony specified in the bill of indictment, namely, rape.

The second exceptive assignments of error urged by the appellant are to the refusal of the court to allow him to introduce evidence which he contended tended to show that one J. W. Yates committed the crime with which the appellant is charged, if such crime was committed.

While under certain circumstances it has been held by this Court competent for the defendant to introduce evidence tending to show that someone else than he committed the crime charged, *S. v. Davis,* 77 N. C., 483, it is well settled that such evidence is not admissible unless it points directly to the guilt of the third party, evidence which does no more than create an inference or conjecture as to such guilt is inadmissible.

The rule is stated in 16 C. J., p. 560, as follows: "At any rate, the evidence offered by accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence; evidence which can have (no) other effect than to cast a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible." To the same effect is Wharton's Criminal Evidence (11th Ed.), Vol. 1, par. 274, p. 349, where it is said: "In any event, before such testimony can be received, there must be such proof of connection with the crime or such a train of facts or circumstances as tends to point out someone other than the accused as the guilty party. Remote acts, disconnected from and outside of the crime itself, cannot be separately proved for such a purpose."

All that the excluded evidence tended to show was that J. W. Yates was in the neighborhood of the scene of the crime at the time it is alleged to have been perpetrated. From this the inference might have been drawn that he had an opportunity to commit the crime, but the record discloses that there was no evidence offered tending to show that he did actually commit it. Therefore, we are of the opinion, and so hold, that the evidence offered by the defendant falls clearly within the rule that evidence which tends to raise no more than an inference or a conjecture of the guilt of a third party is inadmissible, and that the court was without error in excluding it.

The third exceptive assignments of error urged by the appellant are to portions of the charge. The first of which are to the alleged failure of the court to instruct the jury that at the time of the breaking and entering of the dwelling house of Mrs. Lyles the appellant must have had the specific intent to commit the crime of rape. An examination of the charge discloses that this element·of the offense was considered and clearly set forth in the charge. The second assignments of error

to the charge are to the asserted failure of the court to charge the jury that the intent of the defendant must have been to commit the felony charged within the house broken and entered. We are not in accord with this argument of the appellant. A reading of the entire charge leaves the clear impression that the intent required to constitute the crime of burglary must be to commit in the house broken and entered the crime charged in the bill of indictment. If the appellant desired more specific and detailed instructions in this regard, it was his duty to have requested them as provided by statute. It has never been intimated in the adjudicated cases that the intent to commit the felony in another place than in the house broken and entered must be negatived in the charge.

There are many assignments of error to the charge, numbers 11 to 53, inclusive, some of which, if considered alone, might be subject to criticism, but when the charge is considered as a whole in the same connected way in which it was given it presents the law fairly and correctly, and, therefore, affords no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous. *S. v. Exum,* 138 N. C., 599.

The trial of this case resolved itself into a pure issue of fact as to whether the defendant was present and committed the crime charged, or whether the defendant was elsewhere at the time the crime is alleged to have been committed.

The State's evidence, consisting principally of the testimony of Mrs. Sarah Lyles and her 14-year-old son, Clarence, corroborated by certain facts and circumstances, amply justified a conviction. The identification of the defendant by these two witnesses was positive and complete. The defendant's evidence, consisting principally of the testimony of himself and other witnesses tending to establish an alibi, would have completely justified an acquittal. The jury observed the witnesses and heard their testimony, and, after a charge free from prejudicial error, returned a verdict of guilty of the felony as charged in the bill of indictment.

We see in the trial no error of law, and therefore, notwithstanding the gravity of the result thereof to the defendant, the judgment of the Superior Court must be affirmed.

No error.