STATE OF NORTH CAROLINA v. MICHAEL JAY HANKINS

No. 825SC1347

(Filed 4 October 1983)

**Burglary and Unlawful Breakings § 5— first degree burglary—intent to commit rape or larceny—insufficient evidence**

The State's evidence was insufficient to permit the jury to find that defendant broke into the victims' house with the intent to commit rape or larceny as alleged in the indictment so as to support conviction of defendant for first degree burglary where it tended to show that two females were in a downstairs room of the house at 11:45 p.m. when they heard a tap on the door; one female opened the door, and defendant pushed the screen door open and entered the house; defendant stated that he had a knife and told the females to get up against the wall; one female ran into the adjoining bedroom of the only male in the house, followed shortly thereafter by the second female; as defendant was trying to force his way into the bedroom, a third female came down the steps, and defendant told her that he had a knife and to get up against the wall or he would kill her; the male then came out of the bedroom and began struggling with defendant; defendant then fled from the house; and two of the females saw a knife in defendant's hand. Therefore, the jury's verdict of guilty will be treated as a verdict of guilty of the lesser included offense of wrongful breaking or entering under G.S. 14-54(b).

Judge HILL dissenting.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 22 July 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 22 September 1983.

Defendant was tried for first degree burglary. He was charged in the indictment with breaking into an occupied dwelling house in the nighttime with the intent to commit the crimes of rape, armed robbery, larceny and assault with a deadly weapon with intent to kill inflicting serious injury.

The evidence showed that on 18 April 1982 at 11:45 p.m. Cheryl Denise Coates, Jane Moseley, Jean Webb, Leslie Mier, Ben Jones and Crystal Ashley were in a house in Wrightsville Beach. Ms. Coates and Ms. Ashley were in a room downstairs when they heard a "light tap" on the front door. Ms. Coates opened the door. The defendant pushed the screen door open and entered the house. He said to Ms. Coates, "This is no joke. I have got a knife. Get up against the wall." Ms. Coates ran into Mr. Jones' bedroom. Ms. Coates did not see a knife. Ms. Ashley re-

mained in the room with the defendant for a few seconds and followed Ms. Coates into Mr. Jones' bedroom. Ms. Coates roused Ben Jones while Ms. Ashley held the door to keep the defendant from entering the room.

Jane Moseley came down the steps as the defendant was trying to force his way into Mr. Jones' bedroom. He said to her, "I've got a knife. This is no joke. Get up against the wall or I will kill you." Ben Jones then came out of his bedroom and began struggling with the defendant. The defendant then fled from the house. Ms. Ashley and Ms. Moseley saw a knife in the defendant's hand. The court submitted first degree burglary to the jury on the theory that the defendant could have had the intention at the time he entered the house to have committed rape or larceny.

The defendant was convicted of first degree burglary. He appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Philip A. Telfer, for the State.*

*William Norton Mason for defendant appellant.*

WEBB, Judge.

We believe we are bound by *State v. Rushing*, 61 N.C. App. 62, 300 S.E. 2d 445, *aff'd*, 308 N.C. 804, 303 S.E. 2d 822 (1983) to hold there was not sufficient evidence that the defendant intended to commit rape at the time he entered the house for a charge of first degree burglary to have been submitted to the jury. In *Rushing* there was evidence that the prosecuting witness was awakened by the defendant as he came through her bedroom window. When she asked for his identity the defendant said, "Don't holler, don't scream, I got a gun, I'll shoot you," and came to the side of the bed at which time he seized the prosecuting witness' arm. She tried to turn on the light and the defendant told her not to move. She screamed which woke her small child who also screamed. The defendant then fled. A panel of this Court held, with one dissent, and was affirmed by the Supreme Court without an opinion, that this was not sufficient evidence for the jury to find the defendant intended to commit rape when he entered the bedroom. We believe the evidence in *Rushing* was

stronger against the defendant than it is in this case. We hold that we are bound by *Rushing* to hold there was insufficient evidence for the jury to find the defendant intended to rape anyone when he entered the dwelling. The State relies on *State v. Smith*, 211 N.C. 93, 189 S.E. 175 (1937). We agree that under *Smith* there might be sufficient evidence that the defendant in this case intended to commit rape when he entered the house. *Smith* was not cited by this Court or the Supreme Court in their opinions. In light of our Supreme Court's affirmation of *Rushing*, we do not believe we should follow *Smith*.

We also hold there was not sufficient evidence to submit to the jury the question whether the defendant intended to commit larceny. The State relied on *State v. Simpson*, 303 N.C. 439, 279 S.E. 2d 542 (1981) and *State v. Redmond*, 14 N.C. App. 585, 188 S.E. 2d 725 (1972) for the rule that "a reasonable inference of felonious intent may be drawn from the fact that an individual broke and entered the dwelling of another in the night." How much validity this rule now has in light of our Supreme Court's decision in *Rushing* we do not believe we have to decide. In this case we believe the manner of the defendant's entry into the house does not give rise to an inference that he intended to commit larceny. The defendant was apparently confused when he entered the house. After Ms. Coates and Ms. Ashley left him alone he did not try to take anything. We do not believe there is a logical inference from the manner of the defendant's entry into the house that he intended to commit larceny.

The court did not submit the first degree burglary charge on the basis of armed robbery or assault with a deadly weapon with intent to kill inflicting serious bodily injury. We do not have to determine whether there was sufficient evidence to have so submitted a charge of first degree burglary.

We believe the evidence that defendant pushed the screen door open and came into the house was evidence from which the jury could have found the defendant guilty of wrongful breaking or entry, a misdemeanor under G.S. 14-54(b). *See State v. Wade*, 14 N.C. App. 414, 188 S.E. 2d 714 (1972). This is a lesser included offense of first degree burglary and we remand for sentencing on that charge. *See State v. Rushing, supra.*

Reversed and remanded.

Judge HEDRICK concurs.

Judge HILL dissents.

Judge HILL dissenting.

I dissent. On review the State is entitled to all reasonable inferences which may be drawn from the evidence. *See State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975). On a charge of burglary the intent to commit a felony must exist at the time of entry, and it is no defense that the defendant abandoned the intent after entering. *State v. Wilson*, 293 N.C. 47, 235 S.E. 2d 219 (1977).

I believe there is sufficient evidence from which the jury could draw an inference that the defendant intended to gratify his passions when he entered the house, or to commit larceny, albeit he failed to complete either act under the circumstances.

At 11:45 p.m. the defendant tapped on the door to a house occupied at the time by only two ladies. When one opened the door, the defendant forcibly pushed the screen door open and entered the house, saying to the lady who opened the door, "This is no joke. I've got a knife. Get up against the wall." The lady rushed into an adjoining bedroom. The remaining lady likewise followed the first into the bedroom. She was followed by the defendant who beat on the closed bedroom door. A third lady came down the steps while the defendant was trying to force his way into the bedroom, and the defendant said to her: "I've got a knife. This is no joke. Get up against the wall or I will kill you." The lone man in the house then appeared and began struggling with the defendant, who then fled the house.

I am of the opinion there is sufficient evidence from which the jury could infer the defendant broke and entered this dwelling with the intent to commit a felony therein. The room he entered was occupied by two ladies, on whom he could have gratified his passion. The house was a dwelling occupied by them, and with occupancy the inference can be drawn that there were things of value therein, which the defendant could have taken.

---

Stiles v. Charles M. Morgan Co.

---

The defendant actually pursued both these ladies until stopped by the bedroom door which they were holding, and continued to force himself upon them. Only when he was attacked by the man of the house did he flee.

In my opinion the trial judge correctly submitted first degree burglary to the jury on the theory that at the time he entered the house he had the intention to commit rape or larceny, and abandoned his intention only when attacked by the male occupant. *See State v. Simpson,* 303 N.C. 439, 279 S.E. 2d 542 (1981); *State v. Redmond,* 14 N.C. App. 585, 188 S.E. 2d 725 (1972).

I would distinguish *State v. Rushing, supra,* where the intended felony charged was rape alone, and the prosecution admitted she had invited men other than her boyfriend to come to her home. Here there is sufficient evidence from which the jury could infer rape or larceny, or both.