State v. Brewer

referring only to what happens "under normal situations," renders any error harmless.

## II

---

STATE OF NORTH CAROLINA v. KENNETH BREWER

No. 8526SC1125

(Filed 1 April 1986)

**Burglary and Unlawful Breakings § 3— variance between intent alleged and proved—motion to dismiss properly denied**

The trial court properly denied defendant's motion to dismiss the charge of first degree burglary where the indictment alleged the intent to commit the

felony of larceny and defendant argued that the evidence showed the intent to commit common law robbery. The evidence was sufficient to raise an inference of intent to commit larceny in that defendant followed his victims to an apartment and pushed his way inside as they attempted to close the door, took a purse from one of his victims, and fled. The fact that he was required to use force against his victims does not establish a fatal variance between the indictment and the proof. N.C.G.S. 14-51, N.C.G.S. 14-72(b)(1).

APPEAL by defendant from *Griffin, Judge.* Judgment entered 15 May 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 February 1986.

Defendant was charged in indictments, proper in form, with first degree burglary and common law robbery. He entered a plea of not guilty.

The essential facts are:

At approximately 10:00 p.m. on 18 January 1985 Gwendolyn Hill and Brenda Cox returned to Hill's apartment at 7111 Village Green Drive in Charlotte after seeing a movie. Brenda Cox was driving the two women in her car which she parked directly in front of the main entrance to Hill's apartment building. Both women saw a man walking around the corner of the apartment building, coming from the direction of the wooded area behind the building. The man walked along the sidewalk in front of the building and under a streetlight where both women were standing. Both women looked at the man but neither recognized him. Before entering the apartment building the women waved to Hill's roommate who was sitting in his car in the parking lot.

Hill and Cox entered the front door to the apartment building and went up the stairs leading to Hill's second floor apartment. They walked through a second door at the top of the stairs before reaching Hill's apartment door. Both women testified that they never noticed anyone following them into the building. When they reached Hill's apartment door, she opened the door with her key and walked into the apartment. The lights were already on in the apartment. A hallway light shone brightly just outside the apartment door. Cox followed Hill into the apartment. As Cox turned to close the apartment door she again saw the man she had seen just minutes before on the sidewalk outside the building. The man stood outside Hill's apartment door but said nothing. Cox asked Hill if she knew the man and as Hill responded that she did not,

State v. Brewer

the man jumped at the partially closed door and began pushing on it. Cox screamed and both women began pushing on the door to close it. The man succeeded in getting his head and arm inside the door and pushed it open. Hill ran into the kitchen and Cox ran down the hallway. The intruder chased Cox and a struggle ensued in the hallway. Hill left the apartment to find help from neighbors. All the while, Cox continued to struggle with the intruder. Hill, unable to locate neighbors on the second floor, ran downstairs and outside the building to get help and to see if her roommate was still in the parking lot. Cox continued to struggle with the intruder and eventually was shoved to the floor. The intruder grabbed her purse and ran out of the apartment and down the back stairway. The police were called.

Charlotte Police Officer Brown took statements from both Cox and Hill including a description of the man and the contents of the purse. Officer Brown then alerted other officers in the area to be on the lookout for the suspect. However no suspect was apprehended in the area.

The case was assigned to S. L. Mullis, Charlotte police felony investigator who talked with both Cox and Hill and obtained statements from them by telephone. During his investigation several suspects were developed, including the defendant. Mullis prepared a photographic lineup which consisted of seven colored photographs, including a picture of the defendant and showed it to Cox and Hill separately on 29 January 1985. Both women picked out the picture of the defendant as the man who entered Hill's apartment and stole Cox's purse.

At trial, both Cox and Hill identified the defendant as the intruder. The defendant presented one witness, Estee Boisy Bullock, Jr., who testified that he (Bullock) lived near Hill's apartment, and that he was 5 feet 3 inches tall and weighed approximately 135 to 140 pounds. He admitted that he knew the defendant but denied that he entered Hill's apartment on 18 January 1985 and stole Cox's purse. There was no cross-examination.

The jury returned verdicts of guilty as charged. Defendant received consecutive sentences of 30 years for the burglary conviction and 10 years for the robbery conviction. Defendant appealed.

*Attorney General Thornburg by Assistant Attorney General Lucien Capone III, for the State.*

*Public Defender Isabel Scott Day by Assistant Public Defender Marc D. Towler for defendant-appellant.*

EAGLES, Judge.

By his sole assignment of error defendant argues that the trial court erred in denying his motion to dismiss the charge of first degree burglary. Defendant contends that the State's proof was fatally at variance from the indictment because the felonious intent alleged was not the felonious intent proved. We disagree.

The indictment charging defendant with the crime of first degree burglary alleged that the defendant feloniously broke and entered the occupied dwelling of Gwendolyn Hill during the night-time with the intent to commit the felony of larceny. The trial judge instructed the jury that the State was required to prove as one of the essential elements of first degree burglary that the defendant entered with the intent to commit larceny. The defendant argues that the State's evidence shows that defendant's intent at the time of entry was to commit common law robbery and not larceny and therefore the proof was fatally at variance from the crime charged. We are not persuaded.

First degree burglary is defined as the felonious breaking and entering of the occupied dwelling house or sleeping apartment of another during the nighttime with intent to commit a felony therein. *State v. Beaver,* 291 N.C. 137, 229 S.E. 2d 179 (1976). "[A]ctual commission of the felony, which the indictment charges was intended by the defendant at the time of the breaking and entering, is not required in order to sustain a conviction of burglary." *State v. Bell,* 285 N.C. 746, 750, 208 S.E. 2d 506, 508 (1974) (quoting *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269 (1967)). Common law robbery is the felonious taking of money or goods of value from the person of another, against his will by violence or fear. *State v. Black,* 286 N.C. 191, 209 S.E. 2d 458 (1974). Larceny is the "felonious taking by trespass and carrying away by any person of the goods or personal property of another, without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use." *State v. McCrary,* 263 N.C. 490, 492, 139

S.E. 2d 739, 740 (1965) (quoting *Auto Co. v. Insurance Co.*, 239 N.C. 416, 80 S.E. 2d 35 (1954)). Our courts have held that robbery is merely an aggravated larceny and larceny from the person is a lesser included offense of common law robbery. *State v. Young*, 305 N.C. 391, 289 S.E. 2d 374 (1982); *State v. Black, supra.*

This is not a case where the defendant has been convicted of a greater offense than that alleged in the indictment. Rather, the issue here is whether the State's evidence was sufficient to show that defendant intended, upon breaking and entering, to commit the felony of larceny. "Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred. [Citations omitted.] 'The intent with which an accused broke and entered may be found by the jury from evidence as to what he did within the house.'" *State v. Bell, supra* at 750, 208 S.E. 2d at 508 (quoting *State v. Tippett, supra*).

Sufficient evidence was presented by the State to raise an inference of intent to commit larceny. The defendant followed his victims to the apartment and as they attempted to close the apartment door he pushed his way into the apartment. He took a purse from one of his victims and then fled. The evidence clearly supports a finding that he intended to commit and in fact did commit larceny from the person. *State v. Massey*, 273 N.C. 721, 161 S.E. 2d 103 (1968). The fact that he was required to use force against his victim in order to take the purse, thereby placing the victim in fear and elevating his crime to that of common law robbery, does not serve to establish a fatal variance in the indictment and the proof.

The cases relied on by the defendant are distinguishable. In *State v. Cooper*, 288 N.C. 496, 219 S.E. 2d 45 (1975) the indictment charged defendant with first degree burglary and alleged that defendant broke and entered with intent to commit a felony "by sexually assaulting a female." Our Supreme Court held that the indictment was defective because the phrase "sexually assaulting a female" could include a misdemeanor and first degree burglary requires intent to commit a felony. Unlike the indictment in *Cooper, supra*, the indictment here alleged the requisite felonious intent. For purposes of defining the crime of burglary, larceny is deemed a felony without respect to the value of the property

taken. G.S. 14-51. Further, larceny from the person has always been considered a felony. G.S. 14-72(b)(1). In *State v. Dawkins*, 305 N.C. 289, 287 S.E. 2d 885 (1982) the burglary indictment alleged that the defendant broke and entered with intent to commit rape. The court held that the State failed to prove the specific felonious intent alleged and defendant's conviction for first degree burglary was reversed. However, the court noted that an unexplained breaking and entering into a dwelling at night would have been sufficient to sustain a verdict that the breaking and entering was done with intent to commit felonious larceny. *Id.* at 290, 287 S.E. 2d at 886-87. We believe *Dawkins* more clearly supports the State's arguments since the intent to commit larceny can be based upon evidence of a breaking and entering alone. In *State v. Hankins*, 64 N.C. App. 324, 307 S.E. 2d 440 (1983), *aff'd per curiam*, 310 N.C. 622, 313 S.E. 2d 579 (1984) the trial court submitted first degree burglary to the jury on the basis of intent to commit rape and larceny. The evidence showed that the defendant entered the home by lightly tapping on the front door and when it was opened he then pushed open a screen door and stated to one woman "This is no joke. I have got a knife. Get up against the wall." The woman ran into a bedroom and as the defendant tried to force his way in, another woman came downstairs. Defendant said to her "I've got a knife. This is no joke. Get up against the wall or I will kill you." A man came out of the bedroom and began struggling with the defendant who then fled. This Court held that the evidence was insufficient to support an intent to commit rape or larceny. As to larceny, we stated:

> In this case we believe the manner of the defendant's entry into the house does not give rise to an inference that he intended to commit larceny. The defendant was apparently confused when he entered the house. *After Ms. Coates and Ms. Ashley left him alone he did not try to take anything.* We do not believe there is a logical inference from the manner of the defendant's entry into the house that he intended to commit larceny. [Emphasis added.]

*Id.* at 326, 307 S.E. 2d at 442. *Hankins* is distinguishable on its facts from the case before us.

In ruling upon defendant's motion to dismiss the charge of first degree burglary, the trial court must view the evidence in

the light most favorable to the State, drawing all reasonable inferences in the State's favor. The court must determine as a matter of law that the State has offered substantial evidence as to every material element of the crime charged. *State v. Simpson*, 303 N.C. 439, 279 S.E. 2d 542 (1981). Having considered the evidence in the light most favorable to the State, we find that there was substantial evidence of defendant's guilt as to each element of the crime of first degree burglary. Accordingly, defendant's assignment of error is overruled.

No error.

Judges ARNOLD and PHILLIPS concur.