STATE OF NORTH CAROLINA v. MARVIN ANTHONY CUMMINGS

No. 9018SC732

(Filed 4 June 1991)

### 1. Criminal Law § 307 (NCI4th) — burglary — motion to sever offenses denied — no error

The trial court did not err in a prosecution for first degree burglary by denying defendant's motion to sever offenses where the trial court could find from the evidence a scheme or plan to deprive motel occupants of their property while they were asleep. N.C.G.S. § 15A-926(a).

**Am Jur 2d, Trial §§ 7-10.**

### 2. Criminal Law § 34.8 (NCI3d) — burglary — other offenses — admissible — common scheme or plan and identity

Even if defendant's motion to sever three burglary charges had been granted, evidence of the other two offenses would have been admissible at each trial to show both a common scheme or plan and identity. Where the evidence established a similar modus operandi in all three cases, there was a connection in each case between defendant and the acts the prosecution sought to introduce against him, and the connection was probative of defendant's identity. N.C.G.S. § 8C-1, Rule 403.

**Am Jur 2d, Evidence §§ 326, 333.**

### 3. Burglary and Unlawful Breakings §§ 80 and 78 (NCI4th) — sufficiency of evidence — identity of defendant — intent to commit larceny

The trial court did not err in a prosecution for multiple first degree burglaries by denying defendant's motion for nonsuit where defendant was linked to one burglary by a witness and by a key found in his home, and, in another offense where the victim awoke and nothing was taken, no explanation was offered for defendant's presence in the motel room at 1:30 a.m. In the absence of other intent or explanation for breaking or entering in the nighttime, it can be inferred that the intent is to commit a larceny.

**Am Jur 2d, Burglary §§ 27, 36, 42.**

STATE v. CUMMINGS

[103 N.C. App. 138 (1991)]

APPEAL by defendant from judgment entered 8 February 1990 by *Judge James A. Beaty, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 23 January 1991.

Defendant was found guilty of two counts of first degree burglary and sentenced to prison for twenty-five years. He was found not guilty of a third charge of first degree burglary.

The State's evidence at trial tended to show the following: On the night of 7 July 1989 Virginia Reaves was staying with her three daughters in Room 213 at a Ramada Inn in Greensboro. She locked the chain lock on the door and went to bed at approximately 11 p.m. Around 5 a.m. her sixteen-year-old daughter awoke and saw a man standing in the doorway to the bathroom. She also saw her mother's purse near the front door of the room which was standing open. She woke up her mother and the man ran out of the room and down the hall. The door chain, as well as the screws that held the lock in place, were on the floor near the door and Mrs. Reaves' purse was missing. Her daughter described the burglar as a large black man in his twenties, approximately six feet tall, wearing dark sweatpants, no shirt, and a baseball cap turned backwards.

On 22 July 1989, Bernice Keeton and her husband were staying at the same Ramada Inn in Greensboro. She went to bed around 11 p.m. Mr. Keeton came in around 1:30 a.m. He closed the door which locked when it was shut. He did not use the chain or deadbolt locks on the door. Mrs. Keeton woke up in the middle of the night and noticed that her alarm clock was not where she had left it. She testified that she thought her husband had moved it and at the time "thought no more of it." At dawn, Mrs. Keeton woke up and discovered that her alarm clock, some clothing, shoes, her purse, jewelry, and Mr. Keeton's wallet were missing. The door to their room was ajar.

On 1 September 1989, Michael Halsema was staying at a Quality Inn in Greensboro. The door to his room locked automatically when it was closed and could be opened only by a special key card. He went to bed around 12:15 a.m. and was awakened by a noise around 1:30 a.m. Mr. Halsema saw a black man, about 5 feet ten inches tall, wearing a cap, a cutoff T-shirt and jogging pants standing in the doorway of his room. Mr. Halsema screamed and the man left the room. There was no evidence that the locks were tampered with and nothing was taken.

Mr. Halsema immediately reported the incident to the hotel security guard. Around 5:30 a.m. the security guard saw walking near the pool a person who fit the description given by Mr. Halsema. The security guard called the police who confronted the defendant as he came out of the elevator into the lobby. Defendant told officers that he was trying to find a bathroom. The security guard called Mr. Halsema to the hotel lobby. Mr. Halsema came to the desk in the lobby, saw defendant standing with the police, and told the security guard and police that defendant was the person who had come into his room.

At approximately 7 a.m. police searched the car defendant had driven to the hotel and found nothing. The police searched the car again at approximately 10:15 a.m. During the second search, they found two bank slips from a Cincinnati bank with the Keetons' name on them and a travelers check cover from the same bank.

That same morning police searched the residence defendant shared with his girl friend. There police found five large keys with numbers stamped on them on top of a tall cabinet. The manager of the Ramada Inn testified that the keys were the same type of keys used at the motel. The manager tried one of the keys marked "213" and it opened the door of the room that Mrs. Reaves and her daughters had occupied.

The three offenses were joined for trial. Defendant was found guilty in the case involving Mrs. Reaves and her daughters (89-CRS-57553) and the case involving Mr. Halsema (89-CRS-57619). He was found not guilty in the case involving Mr. and Mrs. Keeton (89-CRS-57552).

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Anne B. Lupton for defendant-appellant.*

EAGLES, Judge.

[1] Defendant first contends that the trial court erred in denying his motion to sever the offenses for trial and in overruling his objection to joinder. We disagree.

G.S. 15A-926(a) provides:

Joinder of Offenses.—Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies

or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan.

Joinder motions are addressed to the discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. *State v. Ruffin*, 90 N.C. App. 712, 370 S.E.2d 279 (1988). Our task on appeal is to determine "whether the offenses are so separate in time and place and so distinct in circumstances as to render consolidation unjust and prejudicial to the defendant." *State v. Fultz*, 92 N.C. App. 80, 83, 373 S.E.2d 445, 447 (1988) (quoting *State v. Corbett*, 309 N.C. 382, 389, 307 S.E.2d 139, 144 (1983)).

Here, the trial court could find from the evidence a scheme or plan to deprive motel occupants of their property while they were asleep. All of the offenses took place within two months of each other at motels in Greensboro. All of the crimes occurred in the early morning hours. In each instance someone entered an occupied motel room by stealth while the occupants were asleep. In two of the cases, personal property was taken and the third was interrupted by the victim being awakened. Additionally, in two cases, the victims identified the burglar as a young, black male wearing jogging pants and a baseball cap, who escaped on foot. We hold that this evidence is sufficient to establish a common scheme or plan. Accordingly, we hold that the trial court did not err in joining the three offenses for trial.

[2] Additionally, we note that even if the motion to sever had been allowed and each offense had been tried separately, evidence of the other two offenses would have been admissible at each trial to show both a common scheme or plan and identity. "The test for determining whether such evidence is admissible is whether the incidents are sufficiently similar and not too remote in time so as to be more probative than prejudicial and under the balancing test of G.S. 8C-1, Rule 403." *State v. Schultz*, 88 N.C. App. 197, 202, 362 S.E.2d 853, 857 (1987), *aff'd*, 322 N.C. 467, 368 S.E.2d 386 (1988). In *State v. McClain*, 240 N.C. 171, 176, 81 S.E.2d 364, 367 (1954), the Supreme Court said: "Evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission." G.S. 8C-1, Rule 404(b) is consistent with prior North Carolina practice. *State v.*

*Belton*, 77 N.C. App. 559, 335 S.E.2d 522 (1985). Here, the evidence establishes a similar modus operandi in all three cases. Over a two month period, someone by stealth broke into three occupied motel rooms in Greensboro. Each incident occurred during the early morning while the victims were asleep.

Evidence of other offenses is admissible to establish identity if the other acts contain "similarities [that] support the reasonable inference that the same person committed both the earlier and the later crimes." *State v. Green*, 321 N.C. 594, 604, 365 S.E.2d 587, 593, *cert. denied*, 488 U.S. 900, 109 S.Ct. 247, 102 L.Ed. 235 (1988). In each case, there was a connection between the defendant and the acts the prosecution sought to introduce against him. The connection was probative of defendant's identity and admissible. In 89-CRS-57553 (the Reaves case), defendant fit the general description given by Mrs. Reaves' daughter. Police found a key to the Reaves' motel room in defendant's home. In 89-CRS-57552 (the Keeton case), a charge on which defendant was not convicted, police found banking slips belonging to the Keetons in the car defendant was driving. Finally, in 89-CRS-57619 (the Halsema case), the victim identified the defendant as the person who had come into his room during the early morning hours of 1 September 1989.

[3] Defendant next argues that the trial court erred in denying his motion to dismiss the burglary charge in the Reaves case for insufficient evidence. This argument is without merit. To withstand a motion to dismiss, there must be substantial evidence of all material elements of the offense. It is irrelevant whether the evidence is circumstantial or direct, or both. *State v. Minor*, 290 N.C. 68, 224 S.E.2d 180 (1976). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982) (quoting *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)). On a motion for nonsuit the evidence must be considered in the light most favorable to the State and the State is entitled to every reasonable inference that the jury may legitimately draw from the evidence. *State v. Jackson*, 306 N.C. 642, 295 S.E.2d 383 (1982).

Here, defendant was linked to the 8 July 1989 burglary by the testimony of Mrs. Reaves' daughter. She described the suspect as a young, black man, approximately six feet tall, wearing dark sweatpants, no shirt, and a baseball cap turned backwards. On

**STATE v. CUMMINGS**

[103 N.C. App. 138 (1991)]

1 September 1989 the police found a key imprinted with the number "213" in defendant's home which he shared with his girl friend. The hotel manager testified that the key in fact opened Room 213, where Mrs. Reaves and her daughters were sleeping in the early morning of 8 July 1989. Defendant's girl friend testified that she had never stayed at this motel. This evidence; though circumstantial, is sufficient to withstand defendant's motion for nonsuit. Accordingly, this assignment of error is overruled.

Defendant also argues that the trial court should have granted defendant's motion for nonsuit in the Halsema case. Defendant contends that the evidence does not give rise to the inference that the person who entered Mr. Halsema's room intended to commit larceny. Defendant relies on *State v. Hankins*, 64 N.C. App. 324, 307 S.E.2d 440 (1983), *aff'd*, 310 N.C. 622, 313 S.E.2d 579 (1984), where this Court held that the State's evidence was insufficient to submit to the jury the question of whether defendant intended to commit larceny. We think *Hankins* is distinguishable. In *Hankins* there was some evidence to rebut the presumption of felonious intent that arises when there is an unauthorized entry at night and flight upon discovery. In the absence of other intent or explanation for a breaking or entering in the nighttime, it can be inferred that the intent is to commit a larceny. *State v. Goodman*, 71 N.C. App. 343, 322 S.E.2d 408 (1984), *disc. rev. denied*, 313 N.C. 333, 327 S.E.2d 894 (1985). Here, no explanation was offered for defendant's presence in Mr. Halsema's motel room at 1:30 a.m.

For the reasons stated, we find no error.

No error.

Judges PHILLIPS and WYNN concur.